FRANK M. HAYES, as Receiver, etc., Appellant, *v.* NELSON BEARDSLEY, Respondent.

In an action by the receiver of a national bank to recover back payments alleged to have been made by the bank in violation of the provision of the National Banking Act (§ 5242), declaring void all transfers of securities and payments made by a bank organized under it "after the commission of an act of insolvency or in contemplation thereof made with a view to prevent the application of its assets," as prescribed by the act these facts were found: Defendant held three certificates of deposit issued by the bank, drawing six per cent interest; its cashier, for the reason alleged by him, that the directors did not like his paying so large a rate of interest, voluntarily paid two of them, mostly by transferring to defendant negotiable paper. The third certificate was paid on presentation. The bank at the time of these payments was in fact insolvent, and had been for years, but this was known only to the cashier; it was in good credit and had committed no act of insolvency and paid all its obligations as they became due or were demanded for six weeks after the last of said payments was made. *Held*, that the complaint was properly dismissed, as plaintiff failed to show that the payments were made in contemplation of insolvency, or to prevent the application of the bank assets as prescribed by the act.

The insolvency of the bank was so concealed by the cashier, that none of its directors had any suspicion thereof, and it was not discovered by the bank examiner. *Held*, that under the circumstances the fact that defendant was a director did not as matter of law charge him with liability for the payments made to him; that it having been found that he acted in good faith and in ignorance of any wrongdoing or of the

bank's insolvency, payments made to him were to be tested under said provisions like payments made to other creditors.

(Argued December 5, 1892; decided December 23, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made February 2, 1892, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial by the court without a jury.

This action was brought by plaintiff as receiver of the First National Bank of Auburn to recover the amount of certain certificates of deposits paid to defendant.

The facts, so far as material, are stated in the opinion.

*S. E. Payne* for appellant. This transfer and payment was made after the commission of an act of insolvency, or in contemplation thereof, and with a view to prevent an application of the assets in the manner prescribed, or with the view to the preference of one creditor to another. (*Roberts* v. *Hill*, 24 Fed. Rep. 571.) It makes no difference with this case whether the defendant Beardsley knew the real condition of the bank or not, or had any suspicions. It is sufficient under this statute that O'Brien, the cashier, knew the condition of the bank at the time he made this transfer and this payment. (*Bank* v. *Butler*, 129 U. S. 223.) This being a United States statute and the United States courts having fully construed it, the courts of this state will adopt their construction of it. (*Jessup* v. *Carnegie*, 80 N. Y. 441, 446, 447 ; *Saving Association* v. *O'Brien*, 51 Hun, 45 ; *Randall* v. *Brigham*, 7 Wall. 523 ; *McDonald* v. *Hovey*, 110 U. S. 619 ; *Cathcart* v. *Robinson*, 5 Pet. 264 ; *C. S. R. R. Co.* v. *Gebbard*, 109 U. S. 527 ; *Christy* v. *Pidgeon*, 4 Wall. 196.) The defendant in his capacity as director, was acting in the position of trustee for stockholders and creditors of the bank. He was, therefore, their protection and defense. He could do no act to his own advantage whereby their rights were impaired, however innocent of any dishonest intent, to which the law

would not impute bad faith. (*Cutting* v. *Marlor*, 78 N. Y. 454; *Preston* v. *Prather*, 137 U. S. 604.)

*Wm. Nathaniel Cogswell* for respondent. The payment was not made after the commission of an act of insolvency, or in contemplation thereof. (*Jones* v. *Howland*, 8 Metc. 456; *Curtis* v. *Leavitt*, 15 N. Y. 198.) The transfer of the Armstead notes in March, 1887, ten months before the failure of the bank, in payment of the first two certificates of deposit held by the defendant, did not come within the prohibition of the statute. (*Banks* v. *Butler*, 129 U. S. 223.)

EARL, Ch. J. In December, 1883, the defendant deposited in the First National Bank of Auburn $15,000, and took two certificates of deposit for the same payable with six per cent interest; and in January, 1884, he made another deposit of $10,000, and took a similar certificate. On the 23d day of March, 1887, the bank through its cashier, paid and took up the first two certificates by transferring to the defendant negotiable paper running a short time and paying to him in cash the sum of $506.60 the difference between the value of the negotiable paper and the two certificates. The defendant did not request the payment of the certificates, but payment was voluntarily made by the cashier for the reason assigned by him to the defendant "that his directors did not like his paying so large a rate of interest." The third and last certificate was paid on the 3d day of December, 1887, to the Cayuga County National Bank of Auburn, which then held it. Beardsley had indorsed and transferred it to that bank, and the amount thereof was by it credited to him in his account. It was without his procurement on the same day presented by that bank to the First National Bank for payment, and was paid by the paying teller thereof in the settlement of exchanges between the banks in the usual course of business.

At the time of these payments the First National Bank was in fact insolvent, and had been so for some years; but its

insolvency was known only to its cashier, was unknown to its directors and other officers, and the bank was in good credit with the public and continued to do business in the ordinary way without any suspicion as to its insolvency on the part of the persons dealing with it, until the 21st day of January, 1888. On that day, which was Saturday, it continued to do business until it was closed at the usual hour, when the cashier and one of the bookkeepers absconded, and the financial condition of the bank first became public. Thereafter the plaintiff was appointed receiver of the bank, and he brought this action to recover the amount of the deposits thus paid to the defendant on the ground that the payments were void under section 5242 of the Revised Statutes of the United States, which provides as follows: " All transfers of the notes, bonds, bills of exchange or other evidences of debt owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor; all deposits of money, bullion or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by this chapter, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void." The action was brought to trial at a Special Term of the Supreme Court, and upon the findings of fact and law there made the complaint was dismissed, and the judgment there rendered having been affirmed by the General Term is now brought under review here.

We have carefully read the findings of fact and the evidence upon which they are based, and we cannot say that the findings have not a sufficient support in the evidence. The essential facts which it was necessary for the plaintiff to establish under the section quoted in order to recover in this action were found against him. The bank had not committed any act of insolvency, as it met all its obligations as they

became due or were demanded during more than six weeks after the last certificate was paid. While its cashier knew that the bank was insolvent, and must have expected that it would ultimately fail to meet its obligations and be obliged to go into liquidation, yet it cannot be said to have been an undisputed fact in the case that the financial collapse of the bank was impending or imminent, and there is little, if any, ground for saying that these payments were made in contemplation of insolvency.

The cashier paid these certificates, as he did all other demands upon the bank as they were from time to time presented by its numerous customers. The first two certificates were paid, as we must assume, for the reason assigned by the cashier at the time, because they were bearing interest at a larger rate than the directors of the bank were willing longer to pay; and the last certificate was paid to the Cayuga County National Bank in the ordinary course of business in the settlement of exchanges between the two banks. There was no satisfactory evidence that these payments were made by the bank to prevent the application of its assets in the manner prescribed in the National Banking Act, or with a view to a preference of the defendant over the other creditors of the bank. The circumstances under which the payments were made, and the condition and credit of the bank at the time, forbid the inference that the payments were made for such a purpose. The defendant was not selected as a favored creditor. During all the years of the insolvency of the bank all creditors were treated alike, and there was no preference of one over another. All its demands were met at maturity. There does not appear from the facts found to be any better ground for claiming that these payments made to the defendant were void than there is for making the same claim in reference to the numerous payments made in the regular course of business by this bank to its customers during many months prior to the closing of its doors. In order to uphold a recovery in an action like this there should be some satisfactory evidence that the cashier or other officer actually paid the money of

the bank in contemplation of insolvency for the purpose of giving a preference to the payee, and with a view to prevent the application of the assets of the bank to the creditors generally, as provided in the National Banking Act. We think all the circumstances surrounding these deposits and payments forbid such an inference.

The facts of this case as found by the trial judge failed to bring it within any of the authorities cited by the learned counsel for the appellant.

The insolvency of this bank seems to have been covered up and concealed by the cashier with great skill and ingenuity. It was not even discovered by the bank examiners in making their examinations of the bank, and no one of the directors had the least suspicion of it. The fact that the defendant, entirely ignorant of the insolvency of the bank, was a director, does not under such circumstances, as matter of law, charge him with liability for the payments made to him. In the trial of the case and in weighing and balancing the evidence that fact might have weight — in some cases controlling weight — with the trial court. But when after all the evidence is given it is found that the director acted in good faith, was ignorant of any wrongdoing or of the insolvency of the bank, then a payment made to him must be tested under section 5242, like payments made to any other creditor of the bank.

We have not deemed it important to review the evidence for the purpose of showing that it was sufficient to sustain the findings of fact, for that was sufficiently done by the General Term.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.