LAURA SIMS THOMAS v. RICHARD ARTHURS, JR., AND JOSEPH B. HENDERSON, *as Administrators of the estate of Richard Arthurs, deceased.*

#### No. 599.*

1. PRACTICE, DISTRICT COURT— *Trial on Agreed Statement—Motion for New Trial.* Where a case is tried on an agreed statement of facts, of evidence, and of correspondence of absent witnesses, a motion for a new trial is necessary as a condition precedent for this court to review errors of law occurring at the trial.

2. AGENCY—*Two Principals—Conversion.* C. was the agent of A. and of T., and as such agent he collected money for T. which T. directed him to pay to A., but in violation of his trust he converted the funds to his own use. *Held*, that as between T. and A. the loss must fall on T.

3. ——— *Payment to Agent—Conversion.* Later, T. paid money to C. for account of A., which funds C. converted to his own use. *Held*, that T. is entitled to credit for the amount of such payment.

Error from Johnson district court; JOHN T. BURRIS, judge. Opinion filed October 12, 1898. Modified.

*John T. Little*, for plaintiff in error.

*J. E. Maxwell*, and *Sperry Baker*, for defendants in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by Arthurs and Henderson, the defendants in error, as administrators of the estate of Richard Arthurs, deceased, for the recovery of $1800, with interest, and to foreclose a real-estate mortgage. The defendant filed an answer admitting the representative capacity of plaintiffs and the execution and delivery of the note and mortgage;

---

* Petition for order to certify denied by supreme court November 10, 1898.—REP.

and alleging that Richard Arthurs in his lifetime appointed one Thomas M. Carroll his agent to loan money upon real estate and to collect both principal and interest; that the agency continued until the death of Richard Arthurs; that the note in suit was payable at the office of Carroll, the agent; that the defendant borrowed the money of Carroll as the agent of Arthurs; that by the terms of the mortgage the debt become due April 10, 1890, by reason of a default in the payment of interest due; that the defendant made payments on the note and mortgage to Thomas M. Carroll, agent, as follows: May 18, 1890, $126; August 3, 1890, $433.65; May 2, 1891, $500; August 15, 1891, $696; and that the amount due on the indebtedness, note and mortgage, after deducting the payments, was $300, which was tendered in the answer.

To this the plaintiffs filed a reply, in substance, (1) a general denial; (2) a denial that Thomas M. Carroll was the agent of Richard Arthurs in his lifetime to collect principal and interest on loans, and denying that Carroll had authority to collect either principal or interest for Arthurs at any time; (3) alleging that Carroll was, at the time he received the money from defendant, the agent and attorney of defendant, and that the money received by him for which defendant claims credit was received as her agent and attorney. The reply was verified. A trial was had by the court, without a jury, which resulted in a judgment for plaintiffs for the sum of $2317, and a decree for the foreclosure of the mortgage. The defendant filed a motion for a new trial, which was overruled, and presents the case to this court for review, alleging error in the proceedings of the trial court.

The first question presented for consideration is a motion by the defendants in error to dismiss the peti-

tion in error for the reasons : (1) That no certified transcript of the record of the trial court is filed with the petition in error ; (2) that no order of the trial court was made extending the time to make and serve a case-made within three days after the rendition of the final judgment.    The trial was had and judgment announced on the 25th day of February, 1895.    On the next succeeding day, February 26, a motion for a new trial was filed, which motion was heard and overruled on the 7th day of March, thereafter, and the court gave the defendant sixty days from that date to make and serve a case-made.    May 2 the parties agreed on the case-made, and on the next succeeding day, May 3, the trial judge certified, signed and settled the case-made, and the same was duly attested and filed by the clerk of the court.    The contention of the defendants in error is that the case was tried on an agreed statement of facts, and therefore a motion for a new trial was not necessary for the review of the case by this court ; and that the order for an extension of time to make and serve a case-made was invalid, for the reason that it was not made within three days after the rendition of judgment.

If the case was tried on an agreed statement of facts, the judgment would be reviewable in this court without a motion for a new trial. (*Ritchie v. K. N. & D. Rly. Co.*, 55 Kan. 36, 39 Pac. 718.)    But the case was not tried on an agreed statement of facts.    The record shows the following proceedings : " It is hereby stipulated and agreed by and between the plaintiffs and defendant, Laura Sims Thomas, that, in addition to the facts admitted by the pleadings, the following are the facts in the above and foregoing cause, and that the same are to be submitted and treated as all the evidence upon the trial of this said cause."    Follow-

ing this stipulation is a long list of admissionf by the
parties, and the further stipulation : "It is agreed
that the following are exact copies of letters written
by the parties whose names are signed to them ; which
letters are addressed to and were received by the said
Thomas M. Carroll at Paola, Kan., in the due course
of mail." Then follows a great number of letters
offered to establish the fact of agency. At page 80
of the record we find this statement: "That H. C.
Hanna, if present, would testify that . . ." This
is followed by a statement of the facts to which the
witness would testify if present. On page 100 of the
record we find the following : "It is further stipu-
lated and agreed that . . . the said Laura Sims
Thomas would testify, if she were present, that
. . ." Then follows a statement of the facts to
which she would testify. In the journal entry of judg-
ment is the following statement : "And the court hav-
ing heard the evidence and arguments of counsel, and
being fully advised in the premises, finds . . ."
The decision of the trial court was not based on an
agreed statement of facts alone, but on an agreed
statement of facts, of evidence, and of testimony. A
motion for a new trial was necessary as a condition
precedent to present the case to this court for review
of errors of law occurring at the trial. The motion to
dismiss must be overruled.

The only assignment of error is that the judgment
of the trial court is not sustained by the evidence and
is contrary to law. The defendant Thomas averred
that Carroll was the agent of Arthurs, since deceased ;
that she discharged her liability by paying the sum
sued for, less $300, which she tendered on the trial.
The plaintiffs below denied that Carroll was the agent
of Arthurs, and this presented the real controverted

9—8 KAN. APP.

issue at the trial. The case was tried on stipulations of fact, evidence, and correspondence. We have examined the evidence, and find that Carroll was the agent and attorney of Thomas, and had been for several years next preceding the trial. Carroll was also the agent of Arthurs, since deceased, and authorized and empowered to loan money and receive and collect both principal and interest. He made the loan on which suit is brought and, at the time he negotiated the loan, he verbally agreed that the borrower should have the privilege of making payments at any time she desired. The note was payable at the office of Carroll. The defendant Thomas made payments to Carroll at his office on the note and mortgage, as follows: May, 1890, $126; August 3, 1890, $433.65; May 2, 1891, $500; August 15, 1891, $696.

Thomas is not entitled to credit for the $126, nor for the $433.65, for the reason that she did not pay this money to Carroll as agent, but he collected these items for her as her attorney and failed to use the money as she directed him. In this he was acting as her attorney, and she was bound by his failure, and the loss must be sustained by her. She is entitled to credit, however, for the items of May 2, 1891, of $500, and August 15, 1891, of $696. Carroll did not credit the amounts received by him on his books to Richard Arthurs, nor did he transmit the same or any part thereof to him, but converted the money to his own use. The record shows very satisfactorily two things: (1) That Carroll was the agent of Arthurs, the lender, as alleged in the defendant's answer; (2) that Carroll was the agent of Thomas, the borrower, to some extent. Carroll was the agent of both at all times until after the first two credits should have been made, and after that there is nothing in the record to show that Carroll remained the agent of Thomas.

Railway Co. v. Sternberger.

The judgment will be reversed, and the case remanded with direction to the trial court to render judgment for the plaintiffs below for the amount due on the note and mortgage, after allowing proper credit for the items of May 2, 1891, of $500, and August 15, 1891, of $696. The costs in this court will be divided equally between the plaintiff in error and the defendants in error.