O'LEARY BROTHERSS *v.* ABELES.

Opinion delivered June 9, 1900.

1. BANK CHECK—PAYMENT.—Where the payee of a check delivered same to a bank for collection, and the bank sent the check by mail to the drawee bank, and the latter, having funds to the drawer's credit, on receiving the check, indorsed it "Paid," sent a draft to the collection bank for the amount, and surrendered the check to the drawer, as between the payee and the drawer the check is paid, though the draft was unpaid, and the drawee failed. (Page 262.)

2. CUSTOM OF BANKS—NEGLIGENCE.—Proof of a custom among banks of sending checks for collection to the banks on which they are drawn is inadmissible, as custom will not excuse negligence. (Page 262.)

3. BANK'S INSOLVENCY—LIABILITY OF DIRECTOR.—A director in a bank,

having funds on deposit therein, in good faith mailed a check on such bank to a creditor. The payee placed the check in another bank for collection, and the latter bank sent it to the drawee for collection. The drawee marked the check "Paid," and delivered it to the drawer, and sent to the collection bank a worthless draft on a third bank, and subsequently failed. *Held*, that the fact that that the drawer was a director in the drawee bank will not make him liable for the resulting loss. (Page 262.)

Appeal from Pulaski Circuit Court, Second Division.

JOSEPH W. MARTIN, Judge.

O'Leary Brothers & Co., of Pittsburg, Pa., sued Charles T. Abeles, doing business as Charles T. Abeles & Co., on an account for $1,216.65. Defendant admitted the correctness of the account, but pleaded payment in full.

The evidence showed that on January 27, 1893, defendant mailed to plaintiffs his check on the First National Bank, of Little Rock, for $1,192.32, in payment of the amount herein sued on. The check was received by plaintiffs, and on January 30, 1893, was by them indorsed to and deposited with the Iron City National Bank, of Pittsburg, Pa., for collection. On the same day the latter bank sent the check to the drawee by mail for collection. On February 3, 1893, the Iron City National Bank received from the drawee in payment of the check a draft on the Southern National Bank, of New York, which it on the same day indorsed to the Chemical National Bank, of New York. This draft was returned to the Iron City National Bank protested and unpaid on February 6, 1893. Plaintiffs offered testimony to the effect that, in sending the check to the drawee bank for collection, the Iron City National Bank followed the usual and ordinary customs of banks in transacting business. On defendant's objection this testimony was excluded by the court. Defendant testified as follows: "I sent my check on January 27th. I got acknowledgment of receipt of the check in a few days. I have hunted for the letter acknowledging receipt of the check, and cannot find it. I had about $1,600 to my credit in the First National Bank when I drew the check. The check was charged up to me. I got it back from the First National Bank. It is marked "Paid, Little Rock, February 1." * * * I was a director of the First National Bank at the

time my check was sent to plaintiffs, and at the time of the bank's failure. I was familiar with the business of the bank. The bank did not open after February 1, 1893. I got some money back from the bank (from Armstrong, the receiver) after it was closed. I made a deposit on the morning of February 1. Believed the bank solvent, or I would not have made the deposit."

Verdict and judgment were rendered for the defendants. Motion for a new trial was overruled, and an appeal taken.

*C. B. Moore*, for appellants.

The court erred in refusing to give the first instruction asked by appellants. 28 Ark. 66; 8 Ark. 213; 6 Cranch, 253; Story, Const. 979; 48 Ark. 267. It was also error to refuse the second instruction asked by appellants. 115 Ill. 427; 43 Ill. 497; 2 Pars. Cont. 135. It was also an error to refuse the third instruction. Abeles, being a director in the First National Bank, was chargeable with seeing that appellants were paid in cash or valid exchange. 110 U. S. 7; 141 U. S. 132; 38 Ark. 17. The check was not payment, since the amount was never realized on it. 38 N. Y. 289; 42 N. Y. 538; 115 N. Y. 47.

*Eben W. Kimball*, for appellees.

It was negligence to send a check in payment. Abeles was not guilty of any neglect of his duties as director, and was not chargeable with any such duty as appellants seek to impose on him. 141 U. S. 132. By sending the check to the drawee bank for collection and return, the holder makes the drawee its agent, and must bear any loss arising after the time when the check could have been presented by express or other usual method. 2 Dan. Neg. Inst, § 1599. The holder was guilty of negligence in sending the check to the drawee bank, and is liable for any loss ensuing from such course. 102 N. Y. 477; S. C. 7 N. E. 413; 1 Dan. Neg. Inst. 328a; 3 Am. & Eng. Enc. Law (2d Ed.) 80; 117 Ill. 100; 99 Mass. 311; 109 Pa. St. 422; 12 Colo. 539; 53 Kans. 542; 167 Pa. St. 259; 44 L. R. A. 504.

WOOD, J. When the holder of a check delivers same to a bank as his bailee for collection, and the bank sends the check by mail to the drawee, who lives at a distance, and the drawee, upon receipt of the check, having money on deposit to the credit of the drawer, indorses the check "Paid," and afterwards delivers same to the drawer, as between the payee or holder and the drawer, the check is paid; for, if the holder chooses this method of collection, and the bailee bank, instead of receiving the cash, takes, for the amount of the check, exchange which turns out to be worthless, the loss which the holder thereby sustains is regarded as the result of his own negligence, or that of the bank holding same for collection. This doctrine applies here. *Anderson* v. *Rodgers*, 27 L. R. A. 248, and authorities there cited; also, note to same; 1 Dan. Neg. Inst. 328a; 3 Am. & Eng. Enc. Law, (2d Ed.) 804; Bolles on Banks & Bankers, § 295; *Anheuser Busch Brewing Assn.* v. *Clayton*, 13 U. S. A. 295; *Wagner* v. *Crook*, 167 Pa. St. 259; Zane on Banks & Banking, § 171 *et seq.*, 188; *Minneapolis Sash & Door Co.* v. *Metropolitan Bank*, 44 L. R. A. 504. See, also, *Loth* v. *Mothner*, 53 Ark. 116. See, contra, *McIntosh* v. *Tyler*, 47 Hun, 99; *Indig* v. *Bank*, 80 N. Y. 100; *Briggs* v. *Bank*, 89 N. Y. 182. The rule, it seems, is not affected by any usage or custom where such methods of collection obtain. *Minneapolis Sash & Door Co.* v. *Bank*, 44 L. R. A. 504, and authorities cited.

2. There is no rule of law that would make Abeles liable for the loss resulting from the transaction in proof because of his being a director in the drawee bank. He is not shown to have been negligent in the discharge of any of his duties as director, whereby the loss was occasioned. He is not charged with fraud, but the proof shows affirmatively that he acted in good faith with his creditor. He believed the bank solvent, as shown by his depositing money therein on the very day his check was presented for payment. The bank was open and doing business on that day. Certainly, there was nothing in his duties as director that would charge him with the knowledge that a check drawn by him on funds in the bank to his credit would not be properly presented for collection, and collected in

money, instead of worthless exchange.   Good faith only is required of him in matters of this kind.   *Hayes* v. *Beardsley*, 136 N. Y. 299.   See, also, *Briggs* v. *Spaulding*, 141 U. S. 132.

Affirm.

BATTLE, J., did not participate.