JONES *et al.* v. FEARNOW *et al.*

No. 5978.    Opinion, Filed June 8, 1915.

(149 Pac. 1138.)

**APPEAL AND ERROR—Presentation Below—Motion for New Trial— Necessity.** Where a case is tried upon an agreed statement of facts and upon admissions of counsel, documentary evidence, and oral testimony, the law does not dispense with the necessity of a motion for a new trial, where it is sought to present the case to this court for review. That the documentary evidence and oral testimony is not controverted does not change the rule that it is evidential in its nature, from which material ultimate facts may be inferred, but in regard to which there is no agreement.

(Syllabus by the Court.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by Emily F. Fearnow and others against Luttie B. Jones, Elmer Jones, and others. From the judgment, the defendants named bring error, and the defendant Phœnix Mutual Life Insurance Company files cross-petition in error, and a motion is made to dismiss. Motion overruled.

*J. F. King,* for plaintiffs in error.

*W. P. Hackney* and *J. T. Lafferty,* for cross-petitioner in error Phœnix Mut. Life Ins. Co.

*L. A. Maris,* for defendants in error other than R. C. Fearnow and the Phœnix Mutual Life Insurance Company.

SHARP, J.   On October 22, 1914, there was filed in this court a motion to dismiss both the petition in error of the plaintiffs in error, Luttie B. Jones and Elmer Jones, and the cross-petition in error of the Phœnix Mutual Life Insurance Company.   Trial in said cause was had on April 21, 1913, at which time the case was argued and submitted, and by the court taken under advisement until September 1st following, at which time judgment was ren-

dered for the plaintiffs and against the defendants Luttie B. Jones, Elmer Jones, and the Phœnix Mutual Life Insurance Company. On September 2d, motions for a new trial were filed by said defendants, and on the 15th day of September thereafter said motions were overruled, and the defendants were given 90 days therefrom in which to make and serve a case-made for appeal to this court, the plaintiffs to have 20 days thereafter in which to suggest amendments, the case to be settled on five days' notice in writing. The case-made was served November 18, 1913, and was settled by the court January 3, 1914. On the part of the movants, it is said that, no order of the trial court having been made extending the time to make and serve a case-made within three days after the rendition of the final judgment, and the case-made not having been served within said time, the court was without jurisdiction to make the order of September 15th. This for the reason that the case below was tried upon an agreed statement of facts, rendering unnecessary the filing of a motion for a new trial. In addition to the claim that the case was tried below upon an agreed statement of facts, movants further contend that, chapter 39, Sess. Laws 1910-11, pp. 70, 71, adopting the Revised Laws of Oklahoma, excepting as it does by its terms any pending proceedings, section 5242, Rev. Laws 1910, granting 15 days instead of three days, in which to prepare and serve case-made, or within which to obtain an order extending the time, was not in force, but instead, section 6074, Comp. Laws 1909, which gave three days to prepare and serve case-made, or in which to obtain an order of extension.

In view, however, of our conclusion that the case was not tried below upon an agreed statement of facts, and as the order extending the time in which to prepare and serve case-made was made on the same day that the motions for a new trial were overruled, the motion must

be denied. It is the law of this jurisdiction that where a case is tried upon an agreed statement, which eliminates all questions of fact, a motion for a new trial is unauthorized by statute, and the time for making and serving a case-made for this court runs from the date of the rendition of the judgment, unaffected by such motion or the order overruling the same. *Board of County Com'rs v. Porter et al.*, 19 Okla. 173, 92 Pac. 152; *St. Louis & S. F. R. Co. v. Nelson*, 40 Okla. 143, 136 Pac. 590; *Chicago, R. I. & P. R. Co. v. City of Shawnee et al.*, 39 Okla. 728, 136 Pac. 591; *School Dist. No. 38 v. Mackey, County Treasurer*, 44 Okla. 408, 144 Pac. 1032.

It appears that upon the case being called for trial, counsel for plaintiffs offered and introduced in evidence a stipulation or agreed statement of facts, several pages in length, which was signed by the respective attorneys, and had some days prior thereto been filed with the clerk of the district court. Referred to in this stipulation was a copy of a letter written the register and receiver of the Guthrie land office by the Assistant Commissioner of the General Land Office, under date of January 20, 1905. After the introduction of the stipulation, counsel for plaintiffs introduced in evidence certain exhibits referred to in the stipulations, consisting of contest affidavit, decision of the Commissioner of the General Land Office, decision of the Secretary of the Interior, and the decision of the register and receiver. Whereupon plaintiffs rested their case. Thereupon counsel for defendants Luttie B. Jones and Elmer Jones and the Phœnix Mutual Life Insurance Company produced as a witness W. R. Strange, register of deeds of Kay county, who identified various records in his possession, which were, without objection, offered and introduced in evidence. The records so introduced consisted of the original patent to the lands involved, the final receipt of the land office, mortgage from Elmer Jones and

Luttie B. Jones to P. H. Albright, and assignment of said mortgage from Albright to the Phœnix Mutual Life Insurance Company. The mortgage only was referred to in the stipulations; it being an exhibit to defendants' answer. Thereafter counsel for plaintiffs agreed that the mortgagee, Albright, had no actual notice of any claims of the plaintiffs, whereupon defendants rested their case. Thus it appears that the case was tried partly upon an agreed statement of facts, documentary evidence introduced without objection, and admissions of counsel.

The case is very much like that of *Thomas v. Arthurs et al.*, 8 Kan. App. 126, 54 Pac. 694, where, in addition to the agreed statement of facts, a long list of admissions by the parties were made, including a stipulation that certain letters introduced were exact copies of the letters written by the parties whose names were signd thereto, and the further admission that if certain absent witnesses were present, they would testify to facts therein set out. The journal entry of judgment recited that:

"The court having heard the evidence and argument of counsel, and being fully advised in the premises, finds. * .* * "

In overruling the motion to dismiss, it was said by the court:

"The decision of the trial court was not based on an agreed statement of facts alone, but on an agreed statement of facts, of evidence, and of testimony. A motion for a new trial was necessary as a condition precedent to present the case to this court for review of errors of law occurring at the trial."

In the case at bar, after noting call of the case for trial and the appearances, plaintiffs offered and introduced in evidence: (1) The written stipulations of the parties; (2) the petition and exhibits thereto attached, and rested. Whereupon the defendants introduced evidence as already mentioned. Thus it will be seen that the case was not

tried upon an agreed statement of facts, but instead, upon a statement or a stipulation of certain ultimate facts, together with certain other facts of an evidential character, and from which important and ultimate facts might be inferred, but in regard to which there was no agreement. The fact that the evidence is not controverted, or that no objection is made to the introduction of relevant documentary evidence, does not, any the less, make it evidential in its nature. From it different inferences may be drawn. *United States Trust Co. v. New Mexico,* 183 U. S. 535, 22 Sup. Ct. 172, 46 L. Ed. 315; *Wilson v. Merchants' Loan & Trust Co.,* 183 U. S. 121, 22 Sup. Ct. 55, 46 L. Ed. 113.

Our conclusion, therefore, is that, where a case is tried partly upon an agreed statement of facts, and upon admissions of counsel, and documentary evidence, and oral testimony, evidential in their nature, and from which important and ultimate facts may be inferred, but in regard to which there is no agreement, the law does not dispense with the necessity of a motion for a new trial, where it is sought to present the case for review to this court.

The motion to dismiss is, therefore, overruled.

All the Justices concur.