## FRIENDS IN NEED SOCIETY OF BELL COUNTY v. PETERSON. (No. 7273.)

Court of Civil Appeals of Texas. Austin.
Sept. 19, 1928.

Rehearing Denied Oct. 10, 1928.

Walter Miller, of Belton, for appellant.
J. W. Thomas, of Belton, for appellee Peterson.

BAUGH, J. This case arose out of the following facts: F. J. Peterson was named as beneficiary in a life insurance policy issued by appellant to his brother, Charlie Peterson, who died in November, 1926. The latter part of December, 1926, the appellant society drew its check on the First State Bank of Belton, Tex., payable to the appellee, in the sum of $740, the amount of the policy, and mailed it to appellee at Carlsbad, Tex. Appellee received said check on December 30th and presented it to the First National Bank of San Angelo for collection on January 3d. The San Angelo bank sent it direct to the Belton bank for payment. The Belton bank stamped it "paid" on January 6, 1927, charged it to the account of the appellant, delivered the canceled check to the appellant, issued its own draft for said sum, and sent it back to the San Angelo bank. Upon receipt of said draft the San Angelo bank issued a deposit slip to appellee for the amount of the draft, subject to its final payment, and sent the draft to its correspondent bank at Dallas, Tex., for collection. The Belton bank was placed in the hands of the state banking commissioner at the close of its business on the afternoon of January 7, 1927. The draft was never paid.

The appellant at all times after it drew its

check had on deposit in the Belton bank sufficient funds to pay it, and either the draft or the check would have been paid in cash by the Belton bank upon personal presentation and demand made to it therefor prior to the closing of its doors on January 7th.

Appellee sued the appellant, the San Angelo bank, and the banking commissioner, for the amount of the policy. The appellant defended in the court below and insists here that under the undisputed facts above recited its check was paid and that it was discharged. The banking commissioner admitted liability in the amount of $740 either to Peterson or to the appellant company. The trial court rendered judgment in favor of appellee against appellant for the full amount of the policy and in favor of appellant over against the banking commissioner for a like amount.

The action of the Belton State Bank, when the San Angelo bank sent said check to it, in canceling same, returning it to the drawer marked "paid," charging the amount thereof against appellant's account, issuing in its stead its own draft, which was returned to and accepted by the San Angelo bank for collection, whose conduct in the matter was authorized, ratified, and confirmed by appellee, constituted a payment of said check and released appellant from further liability under the circumstances, though said draft was never paid. This question seems not to have been passed on directly in this state, though a somewhat similar question was involved in City of El Paso v. Ins. Co. (Tex. Civ. App.) 278 S. W. 231. Identical transactions either in fact or in principle in other states have, however, been held to constitute payment of a check and to release the drawer thereof from further liability. See O'Leary v. Abeles, 68 Ark. 259, 57 S. W. 791, 82 Am. St. Rep. 291; Winchester Milling Co. v. Bank, 120 Tenn. 225, 111 S. W. 248, 18 L. R. A. (N. S.) 441; Pollak Bros. v. Niall-Herin Co., 137 Ga. 23, 72 S. E. 415, 35 L. R. A. (N. S.) 13; 21 R. C. L. § 66, p. 68. The same rule has also been laid down by the United States Supreme Court in City of Douglas v. Federal Reserve Bank, 271 U. S. 489, 46 S. Ct. 554, 70 L. Ed. 1051; Federal Reserve Bank v. Malloy, 264 U. S. 160, 44 S. Ct. 296, 68 L. Ed. 617, 31 A. L. R. 1261.

The judgment of the trial court is therefore reversed and judgment here rendered that appellee take nothing against the appellant, but that he have judgment against James Shaw, state banking commissioner, for the sum of $740, with interest thereon at the rate of 6 per cent. per annum, from January 7, 1927.

BLAIR, J., not sitting.

## On Motion of Appellee.

BAUGH, J. In his motion for rehearing appellee very earnestly insists that all said transactions were merely parts of the efforts to collect the check drawn by the appellant on the Belton bank, that said check was never in fact paid, and that therefore the appellant's obligation to appellee was never discharged, citing particularly the case of Waggoner Bank & Trust Co. v. Garner Co., 113 Tex. 5, 213 S. W. 927. We read this case carefully before writing our opinion. We do not think it is applicable to this case. In that case the check was never paid. The drawee bank issued no draft or other instrument of its own in lieu of the check. The controlling question there, and the one decided by the Supreme Court, was whether or not the original bank with whom the check was deposited for collection, and its correspondent bank through which it was sent, were guilty of negligence in their failure to collect the check.

In the instant case we think it was a clear case of negligence on the part of the San Angelo bank to send the check deposited with it direct to the payee bank for collection, when other channels for collection at Belton were available to it. Numerous cases could be cited to sustain this proposition. However, in response to special issues submitted, the jury found that the appellee both authorized and ratified the conduct of the San Angelo bank in the premises, and there is no appeal from that finding. Hence that question is not before us for decision.

It is well settled, as stated in the Waggoner Bank & Trust Company Case, supra, that the mere delivery to the creditor of a check drawn by the debtor does not in itself discharge the debt in the absence of an express agreement to that effect. In the instant case, however, we have another obligation executed by the bank itself in lieu of the check, to which the debtor was not a party, and with which appellant had nothing to do, which new obligation was accepted, even though subject to subsequent payment, by the San Angelo bank and by the appellee. Under these circumstances and cases cited, we think that the appellant's obligation to appellee was discharged. The motion is therefore overruled.