(No. 5397.   May 16, 1930.)

FRED FISHER, Appellant, v. FARMERS COOPERATIVE IRRIGATION COMPANY, LIMITED, a Corporation, Respondent.

[288 Pac. 164.]

Ernest Anderson and Rice & Bicknell, for Appellant.

Wm. M. Morgan, for Respondent.

KOELSCH, D. J.—On the twenty-third day of June, 1924, the respondent, Farmers Cooperative Irrigation Company, Limited, borrowed from the Farmers State Bank of New Plymouth the sum of $500, and gave its negotiable promissory note therefor to the said bank, said note maturing on December 23, 1924, and bearing interest at the rate of ten per cent per annum. It appears that one G. W. Mason was the treasurer of the respondent Irrigation Company, and at the same time was also the president of the said bank, and that the Irrigation Company carried an account with the said bank. And it also appears that the Irrigation Company paid its obligations by issuing its warrants, addressed to its treasurer, which warrants were accepted and treated by the bank as checks, and when paid were charged against the account of the Irrigation Company.

The promissory note of June 23, 1924, was not presented to the Irrigation Company for payment until January 3, 1927, at which time $125 interest had accumulated thereon. When presented, the Irrigation Company, in accordance with its customary method, issued and delivered its warrant to the bank for the sum of $625, which the bank received and accepted, and thereupon stamped the note "Paid," and delivered it to the Irrigation Company.

But, at the time the note was so presented and paid, it appeared that the name of the bank, as payee, had been crossed out, and the name of the appellant, Fred Fisher, had been written in place of it. When or by whom this had been done is not shown by the evidence or in the stipulation of facts made between the parties at the trial of this action. But it is stipulated that the Irrigation Company did not, nor did any of its officers, know anything about this substitution of the name of the payee of the note, except only that its secretary had some knowledge to the effect that the appellant Fisher claimed to be the owner of the note.

In this connection it appears that on the twelfth day of May, 1924, Fisher had sent the sum of $500 to the Farmers

State Bank of New Plymouth, for the purpose of loaning the same to the Irrigation Company, or of buying an obligation of the Irrigation Company. However, the Irrigation Company had no knowledge of this, either at the time or when later it borrowed $500 from the bank and gave its note, as hereinbefore set forth.

The stipulation of facts also sets forth that the note was never carried as an asset of the bank, but that after the name of Fisher had been substituted as payee of the note, it was by him left with the bank for collection. It also appears that on the third day of January, 1927, when the bank presented the note to the Irrigation Company for payment, and the Irrigation Company issued its warrant therefor, the Irrigation Company had more than sufficient funds on deposit in its account with said bank with which to pay its said order, and that sufficient funds so remained in its account with the bank until the bank suspended its business. The bank, however, did not cash the warrant, but held it until January 7, 1927, on which date the bank failed to open its doors and was taken over for liquidation by the banking department of the state of Idaho. On the eighth day of February, 1927, the officer of the State Banking Department in charge of the property and affairs of the said bank delivered the said warrant, unindorsed, to Fisher who, after the refusal of his demand for payment made on the Irrigation Company, brought this action on the warrant, alleging that he is the holder of said warrant, that the same is his property, and that the same has never been paid. The action was tried to the court, without a jury, findings of fact and conclusions of law were made, and judgment rendered in favor of the Irrigation Company, for its costs, and denying any relief to Fisher. From this judgment Fisher has appealed.

On this appeal it is urged that the court erred in its conclusion that appellant is not entitled to the relief prayed for in his complaint, and in entering judgment for respondent. Appellant contends that as his $500 was the money

by the bank loaned to respondent, the substitution of his name as payee for that of the Farmers State Bank of New Plymouth, on the note of the respondent, Farmers Cooperative Irrigation Company, Limited, had the effect of negotiating the note, and that as the warrant issued by the respondent to pay the said note has been delivered to him and has in fact not been paid, this warrant remains the moral obligation of the Irrigation Company, and he is entitled to judgment as prayed for in his complaint. Appellant further contends that the negotiation of the note in the manner it was done, that is, by substituting therein the name of appellant for that of the bank, as payee, was by respondent ratified when the note was presented to it for payment, and it drew its warrant therefor, and received delivery of the canceled note. The respondent contends that the substitution of the name of appellant for that of the bank in the note was ineffectual to assign the note or to transfer the ownership of the debt by it represented.

Supposing we concede, without deciding, that the substitution of the name of appellant for that of the bank as payee of the note wrought an effectual assignment of the note, under the view we take of the law pertinent to this entire transaction, this concession will avail the appellant nothing.

It is stipulated that the note was by the appellant left with the bank for collection. This constituted the bank his agent. In fact it is affirmatively stipulated that the bank was the agent of appellant throughout the transaction, including the presentation for payment of the note on January 3, 1927, and the receipt and acceptance on that day of the warrant issued by the respondent to pay the note, and the cancelation and surrendering of the note. This warrant was the equivalent of a check and was at all times so considered by all of the parties to these transactions. There were ample funds in the bank at that time and for the several days succeeding, up to the day the bank suspended business, out of which the warrant could have been paid.

But, it is contended, that the plaintiff, appellant, is entitled to recover herein because the check, not having been

charged on the books of the bank against the account of the Irrigation Company, was in fact not paid.

This precise question was not involved in any case which has come to our attention. Cases of this kind usually seek recovery upon the original obligation, and the contentions generally urged regard the question as to whose agent the collecting bank was, and the right of such bank to receive anything but money as payment for the debt. In an instructive opinion in such a case, the supreme court of North Dakota, having first determined that the collecting bank was the agent of the creditor plaintiff, says:

"This brings us to the only other point in the case, which is whether the delivery of the Baird check to the bank January 18th constituted payment. We think it did. There is no proof that on said date the bank was insolvent; but, even if there was, it is not contended that Baird had even the slightest intimation thereof, and, at the time such check was tendered to and received by the bank, it was, in so far as every one had reason to believe, except the bank officials, a perfectly solvent institution, and for eight days thereafter it transacted its ordinary banking business. True, such check was not actually charged to Baird's account on the books of the bank until after the bank examiner took possession, such officer making such charge on the books. But we do not deem this controlling, for it is fair to assume from the record that, if Baird had at that time requested the cash on the check, it would have been counted out to him, and he could then have passed it back to the cashier in payment of the plaintiff's draft. This was a needless formality. Neither the law nor business usage exacted any such act on his part. It will be presumed, in absence of proof to the contrary, that the bank, being at that time a going institution, receiving deposits and paying out moneys in the usual way, had funds on hand with which to pay the checks of its depositors in the usual manner. The fact that on January 26th the bank closed its doors and ceased doing business is not proof of its insolvency eight days prior thereto.

We think that the act of the bank in honoring Baird's check, by receiving and retaining the same and by delivering the deed, operated in law as a payment of the draft. Such check, when thus accepted, was, to all intents and purposes, the equivalent of cash; and the mere matter of bookkeeping on the part of the bank officials in entering, or neglecting to enter, such transaction on the books of the bank is not the test as to whether payment was made. On the latter point we invite attention to the case of *Nineteenth Ward Bank v. First National Bank,* 184 Mass. 49, 67 N. E. 670, where, among other things, the Court, in disposing of a similar question, said: 'It is true that the proper records were to be made upon the books; but the payment is effected by the acts and not by the record, and was valid, even without records. Consequently the question of the subsequent records is not material. So far as respected the plaintiff, the defendant had received the money for the note, and was bound to remit it to the plaintiff.' " (*Schafer v. Olson,* 24 N. D. 542, Ann. Cas. 1915C, 653, 139 N. W. 983, 985, 43 L. R. A., N. S., 762.)

Thus, also, it is generally held that where a collecting bank is not expressly forbidden to receive anything but money in payment of a collection item, it may make such collection in the manner usual and customary in the commercial world. And that while such a collecting bank may not receive anything but actual cash in satisfaction of a claim, yet it may receive a check which it has good reason to believe will be honored, in conditional satisfaction of the debt. (*Griffin v. Erskine,* 131 Iowa, 444, 9 Ann. Cas. 1193, 109 N. W. 13.) In the case at bar it is expressly stipulated that the bank had sufficient funds of the Irrigation Company on deposit at the time of receiving the check, and for the several days thereafter up to the closing of the bank, with which it could have paid the check. Under such circumstances it must be held that the check was in point of fact money, or the equivalent of money. (*Griffin v. Erskine, supra.*)

Payment of money to an agent authorized to receive the same is in effect payment to the principal and it is not incumbent upon the payer to trace the money into the hands of the principal in order to have credit for such payment. (2 C. J. 635.)

Even if such agent wilfully converts such money to his own use, or the same is lost through his negligence, the payer is entitled to credit for the same. (*Thomas v. Arthurs*, 8 Kan. App. 126, 54 Pac. 694; *Kupfer v. Bank of Galena*, 34 Ill. 328, 85 Am. Dec. 309; *O'Leary v. Abeles*, 68 Ark. 259, 82 Am. St. 291, 57 S. W. 791.)

In the present case it must be conceded that, when the bank, acting as the collecting agent for the appellant Fisher, presented the note for payment to the Irrigation Company, and the latter drew and delivered its check for the amount due upon the note, which check the bank received, and thereafter canceled and surrendered the note, the Irrigation Company had done everything that could be required of it. It had funds sufficient to pay the check in the bank on which the check was drawn, and it was not incumbent upon it to see that the bank paid the check, or transferred the money by it represented to the credit of the appellant Fisher. This was a duty that the bank, as col·lecting agent, owed to its principal, and any dereliction in this regard is ascribable to its said principal, and any loss that resulted therefrom was not due to any fault on the part of the Irrigation Company, but was entirely the result of the failure and negligence of the bank in not promptly cashing the check and remitting the cash to Fisher, the appellant herein.

The facts, however, disclose that the respondent, Irrigation Company, filed its claim with the liquidating officer placed in charge of the bank by the Department of Finance, which claim included the full $625 represented by the warrant, herein referred to as the check, and that the Department of Finance, in the course of its liquidation of the affairs of the bank, paid a dividend of forty per cent, or $250, of such claim.

The judgment herein must, therefore, be reversed, with directions that the appellant have judgment for $250, with interest thereon from the date of its payment to the Irrigation Company, and for his costs.

Costs of appeal awarded to appellant.

Budge, Lee and McNaughton, JJ., concur.

Givens, C. J., dissents.

Varian, J., disqualified.

Petition for rehearing denied.