Jones, P. J.
This is an action in contract in which the plaintiff seeks to recover the sum of three hundred nine and 93/100 ($309.93) dollars on a check that was given to the plaintiff by the defendant and not paid because the bank on which the check had been drawn had closed when the check was presented for payment. There was no dispute in the evidence in this case. The evidence tended to show that about September 9, 1931, the defendant in payment of a valid debt gave the plaintiff a check for $309.93, *419 drawn on the Medford Trust Company, at a time when there were sufficient sums deposited in said Trust Company to the* defendant’s credit to pay this check; that the plaintiff held the check for approximately a month and then presented it, when it was not paid because the Medford Trust Company had failed; that in December, 1935, the trust company paid a dividend of ten per cent on the defendant’s account; that the money did not go directly to the defendant because the defendant had made an assignment of this account to a third party.
At the close of the trial and before the final arguments the plaintiff made the following requests for rulings:
“1. If the Defendant on or about September 9, 1931, owed the plaintiff $309.93 and gave the Defendant on this date a check for $309.93 on the Medford Trust Company, and if at that time there were sufficient funds in the Defendant’s account to pay this check, and if the plaintiff held said check for over a month, and if when the check was presented it was not paid because the Medford Trust Company had failed, and if the Defendant assigned to another person his claim against the Medford Trust Company, and if the Med-ford Trust Company had paid a dividend of 10% on the Defendant’s account, then the Plaintiff is entitled to an execution of $30.99, being 10% of $309.93.
2. If the Defendant on or about September 9, 1931, owed the plaintiff $309.93 and gave the Defendant on this date a check for $309.93 on the Medford Trust-Company, and if at that time there were sufficient funds in the Defendant’s account to pay this check and if the plaintiff held said cheek for over a month, and if when the check was presented it was not paid because the Medford Trust Company had failed, and if the Defendant assigned to another person his claim against the Medford Trust Company, then the plaintiff is entitled to a judgment for $309.93, with execution to issue only when the Medford Trust Company pays a dividend on the Defendant’s account.”
*420 The Court denied plaintiff’s requests for rulings. We assume, although the report fails to state the finding, that it was for the defendant, because the plaintiff claims "to be aggrieved by. the refusal to rule as requested.
As the plaintiff in its brief makes no argument as to the refusal of its second request, we assume that the second request is waived.
The case involves the interpretation of Gf. L. (Ter. Ed.) c. 107, §209, which provides,—
A check must be' presented for payment within a reasonable time after its issue or the drawer will be ■ discharged from liability thereon to the extent of the loss caused by the delay.
No argument is made by the defendant other than the bare statement that both requests should not have been allowed and that if either request is right to be allowed without the stipulation that the defendant be reimbursed for loss of time, money and peace of mind caused by suits to recover the amount of the cheek in question it would be in violation of the statute above quoted. However, as there is no evidence of any loss of time, money and piece of mind, this matter of reimbursement is not given any consideration.
Therefore, we are left to consider only the case as presented and argued by the parties, whether or not the plaintiff was entitled to have his request number 1 given by the trial court. The evidence in this ease clearly establishes the fact that the defendant suffered a loss of the check drawn, less the dividend paid on defendant’s account.-
Gordon v. Levine, 194 Mass. 418, a case similar to the one we have under consideration, the drawee of a check, the plaintiff, had failed to present the check within a reasonable time and was seeking to recover from the drawer of the check, the court said, — “It was admitted that the *421 bank failed on Friday, January 5, and the defendant introduced evidence tending to show that he had'received no payment or dividend on account of his de.posit.” In that case it was held that the defendant was not discharged from the liability on account of the check or prior debt for which the check had been drawn. „
Again in Cochrane v. Zahos, 286 Mass. 173, it is said,— ''The defendants produce no evidence of loss caused by the plaintiff’s delay, so as to be able to profit by G. L. (Ter, Ed.) c. 107, §209: ‘A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the’ extent of the loss caused by the delay’.” Braman’s Negotiable Instruments Law, 5th Ed. 1045 to the same effect.. In Maine, where no loss shown the drawee is not discharged by der lay. Gilman v. F. C. Bailey Co., 127 Me. 91.
The case of Fisher v. Farmers’ Co-operative Irrigation Co., 288 Pacific, 164, 49 Idaho 343, is directly in point with the principal case with the exception of the fact -that no' assignment was made. In this case the Court, after holding that the warrant in the case was. identical with a check and that the collecting bank was acting as agent for the payee and that the warrant had been held too long, went on to say at Page 167,—
“The facts however disclose that the respondent irrigation company filed its claim with the liquidating officer placed in charge of the bank by the- department of finance which claim included the full $625 represented by the warrant herein referred to as the check, and that the department of finance in the course of its liquidation of the affairs of thei bank paid a dividend of 40% or $250 of such claim. The judgment herein must therefore be reversed with directions that the appellant have judgment for $250 with interest thereon from the date of its payment to the irrigation conipany and for his costs. Costs of appeal awarded to appellant.”
*422 We think, therefore, that the trial judge erred in not giving the plaintiff’s first request. But the plaintiff argues that judgment should be ordered for the full amount of the check with execution to issue for only $30.93 the amount of the dividend declared and paid on the check by the Med-ford Trust Company for the account of defendant.
The plaintiff has not any way or provision of law by which we can order a judgment for the full amount of the ■check with order for execution for $30.93.
In the absence of such a provision we appear to have no authority to do this. We find such authority in relation to entering judgment on a bond. G. L. (Ter. Ed.) c. 235. It may be, however, without so deciding, that in case of other dividends on the deposit in question, that upon a writ of scire facias the plaintiff could recover further upon the check. G. L. (Ter. Ed.) o. 235, §11.
Finding for defendant reversed, judgment to be entered for plaintiff in the sum of $30.93 with interest from the thirty-first day of December, 1935.