The plaintiffs proved the endorsement of the defendant on 9 February, 1831, and further that the defendant requested the agent of the plaintiffs to present the bond to Allen, and request payment, which was done, and the defendant notified thereof; that the defendant then requested the plaintiffs to bring suit against Allen, which they did in September, 1831, and obtained judgment in January, 1833; that a fi. fa. was issued upon the judgment and about $25 of the money collected, which was all that could be made out of Allen. This suit was brought in September, 1834. *Page 201 
The defendant proved on the cross-examination of John Reynolds, a witness for the plaintiffs, that he, Reynolds, was a clerk in the store of the plaintiffs and was their agent in purchasing the bond in question from the defendant; that defendant proposed selling the bond to him, saying that Allen was good and was at that time engaged in mining in the county; witness at first objected to buying, alleging that he would be at the trouble of going to see Allen, a distance of eighteen miles; but after a short time witness and the defendant made a calculation of the interest due on the bond, and found that there was then due for principal and interest $161.46, when the defendant proposed that if witness would take the bond he might have it for $159.93, and remarked that the balance due on the bond he might have as compensation for his trouble in going to see Allen. To this proposal of the defendant witness assented, and the endorsement was made upon those terms. The defendant contended that the plaintiffs were not entitled to recover, first, because their right of action was barred by the statute of limitations; second, because the endorsement of the defendant to the plaintiffs was (254) usurious.
His Honor charged the jury that the plaintiff's right of action was not barred by the statute of limitations for that the defendant by his endorsement of the bond became the surety of Allen. On the second ground he charged that if Reynolds gave a correct account of the transaction between the defendant and himself, the endorsement was usurious, and the plaintiffs could not recover on it. The jury found a verdict for the plaintiffs upon the two first issues, and for the defendant upon the last. A new trial was moved for and refused, and the plaintiffs appealed.
The Court is of opinion that there was error in the instruction to the jury on the question of usury. To render a contract usurious there must be an agreement to take for forbearance of payment upon a loan of money or other commodities, a greater sum than at the rate of six per centum perannum by way of discount or interest; and where in truth there is such a corrupt agreement, no color, contrivance or device shall save the usurious contract from the visitation of the law. The trifling sum which in this case was deducted from the amount of Allen's note when passed to the agent of the plaintiffs was allowed expressly as a remuneration for the trouble of traveling to make a demand on Allen. It is not on its face so unreasonable as to warrant the Court in declaring that the parties did not mean what they expressed. Whether the allowance was intended bona fide as a remuneration for trouble, or was *Page 202 
designed as a cover to hide an agreement for excessive discount, was a question of fact, and should have been submitted as such to the consideration of the jury. Carstairs v. Stein, 4 Man. and Sel., 192.
It has been insisted, however, by the counsel for the defendant that notwithstanding this error the judgment should not be reversed, for that the defendant was entitled to a verdict in his favor upon the pleas of the general issue and statute of limitations. This, however, we cannot (255) judicially see, and if we could we cannot give him such a verdict. A verdict has been rendered for the plaintiffs on all these pleas. This, while it stands, must be conclusive of the facts which it declares, and it is not in our power to modify or alter it. Upon a second trial the defendant will be at liberty to insist that the bond not being an obligation simply for the payment of money was not in law negotiable, and, therefore, that the plaintiff is not an endorsee nor the defendant an endorser in the proper sense of those terms.
The judgment is to be reversed and cause remanded for a venire de novo.
PER CURIAM. Judgment reversed.
Cited: Miller v. Ins. Co., 118 N.C. 618.