Merriam v. Gordon.

------

SELDEN N. MERRIAM, PLAINTIFF IN ERROR, V. THOMAS B. GORDON, DEFENDANT IN ERROR.

Practice in Supreme Court: CORRECTION OF MANDATE. An action against a non-resident defendant was instituted in the district court, the purpose of which was to set aside a treasurer's tax deed. Service of summons was made by publication, and no appearance being made by defendant, a decree was rendered as prayed. Within five years after the decree the defendant appeared and, under the provisions of section eighty-two of the civil code, sought to set aside the decree and make his defense. Notice of his motion was served upon the attorney of record of the plaintiff in the original action. This service was quashed by the district court for the reason that it was not served upon plaintiff personally. Upon review by the supreme court, the

decision of the district court was reversed and the cause remanded, with directions to said court to "reinstate the cause and try the issues presented by the answer of said Merriam, and proceed to final judgment in said cause according to law." Upon the return of the cause to the district court, plaintiff filed "counter affidavits" tending to prove that the defendant had actual knowledge of the pendency of the action in time to have made his defense. Defendant moved to strike these from the files, assigning as the basis of his motion the direction of the supreme court as evidenced by the mandate. Pending this motion plaintiff, by motion, called attention of the supreme court to the irregularity of the mandate in its directions to the district court to "try the issues," etc., instead of the usual form, "to proceed with the case according to law"; whereupon it was ordered that the mandate be corrected accordingly. The corrected mandate being returned to the district court, it overruled the motion to strike the counter affidavits from the files, and upon a hearing of the affidavits it was found that defendant had notice of the pendency of the action, and his motion to open the decree was denied. *Held*, No error; that the correction of the mandate having been made before the final hearing of the motion, it was authority to the district court to proceed as it did. *Held, further*, That the direction contained in the original mandate and opinion was not the application of a legal principle binding upon the supreme court as an adjudication, to be corrected only by a rehearing, but simply a misdirection, which might have been corrected by the court on its own motion had attention been called to it.

ERROR to the district court for Cass county. Heard below before POUND, J.

*S. P. Vanatta*, for plaintiff in error.

*Chapman & Polk*, for defendant in error.

REESE, J.

The original action in this cause was instituted in the district court of Cass county by defendant in error in the year 1878. The purpose of the suit was to procure the cancellation of certain tax deeds which had been executed to the lands described in the petition. Service was had by

publication.  A default was entered and decree rendered in accordance with the prayer of the petition.

On the 7th day of April, 1884, and within four years from the date of the decree, the defendant in the action (plaintiff in error here) filed his motion to open the judgment and decree, under the provisions of section eighty-two of the civil code, and defendant in error being a non-resident, he served notice on the attorney of record for defendant in error.  At the same time he filed an answer to the petition.

At the next term of the district court defendant in error moved to quash the service of notice to open the decree, and assigned for ground of the motion the fact that service had been made on the attorney and not upon himself.  This motion was sustained by the district court, but the decision was reversed by this court.  *Merriam v. Gordon*, 17 Neb., 325.  And the cause was remanded.  Upon its return to the district court it was found that, following the opinion, the mandate directed the district court to " reinstate the cause and try the issues presented by the answer."  This decision was made on the 11th day of March, 1885.  On the 8th day of October, 1885, a motion was made in this court to change or correct the mandate so that it might direct the district court to proceed with the cause in accordance with law, omitting the specific instruction to reinstate the cause and try the issues presented by the answer.  This motion was, of course, sustained and the correction made. The writer hereof, in writing that opinion, without proper reflection, made use of the language referred to, and the mistake was not noticed by the other members of the court until attention was called to it.  It is very clear that the fullest extent to which the court could rightfully go was a simple reversal of the judgment of the district court, with directions to proceed with the cause.

Upon the receipt of the corrected mandate the district court very properly considered that the cause was before

it in the same condition in which it left it on the former appeal, except as to the ruling on the motion to quash the service which had been reversed. Over the objections of plaintiff in error it permitted defendant in error to file counter affidavits (as was his right under section eighty-two, *supra*), showing the actual knowledge of plaintiff in error of the pendency of the original action prior to the decree, and for that reason the decree should not be opened. Plaintiff in error sought to strike these affidavits from the files, relying on the direction from this court requiring a trial. His motion for that purpose was overruled, the finding on the proofs was against him, and the motion to open the decree was overruled. Of this he complains.

The question presented is as to the effect of the decision of this court in so far as it would deprive defendant in error of his right to make proof of the knowledge of plaintiff in error of the pendency of the action in time to make his defense before the decree. It is not material as to what might have been the effect had the mandate not been corrected, for the correction was made before the final action of the district court was taken. As to the language contained in the opinion, it would be without effect upon the case except so far as it might mislead counsel. It contained no declaration of any principle of law as applicable to the case, and the mandate to the district court would have to be its guide. It was not an adjudication which could only be corrected by a rehearing, nor was it the annunciation of a legal principle from which the court could not recede. It was simply an oversight, and one which, it seems to us, the legal mind would readily detect as such, and as one which the court could and should correct upon its own motion as soon as discovered.

We think the district court was correct in its decision to hear the affidavits presented, and its orders are affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.