DUNLAP v. C. T. HERRING LUMBER CO. *et al.*

No. 3540. Opinion Filed December 22, 1914.

(145 Pac. 374.)

1. **APPEAL AND ERROR—New Trial—Time for Perfecting Appeal.** Where a case is tried upon an agreed statement which eliminates all questions of fact, a motion for a new trial is unauthorized by statute; and the time for making and serving a case-made for this court runs from the date of the rendition of judgment, unaffected by such motion or the order overruling the same.

2. **SAME—Case-Made—Time for Service.** According to the law in force at the time, a party desiring to appeal had three

days by statute in which to serve a case after a judgment or order was entered, and, unless such case was served within that time, or within an extension of time allowed by the court or judge within such time, the case will not be considered by this court.

(Syllabus by Thacker, C.)

*Error from District Court, Kiowa County;*
*James R. Tolbert, Judge.*

Action by the C. T. Herring Lumber Company, a corporation, against the Blanchard Construction Company and others, for foreclosure of materialman's lien. Judgment for plaintiff, and defendant E. F. Dunlap brings error. Appeal dismissed.

*L. M. Keys* and *O. B. Riegel,* for plaintiff in error.

*Hays & Hughes,* for defendant in error.

Opinion by THACKER, C.   This case was tried in the district court upon an agreed statement of facts upon which judgment was entered for plaintiff on the 5th day of August, 1911; and on the same date the defendant E. F. Dunlap filed motion for new trial, which was on the 30th day of August, 1911, overruled, and time then granted in which to serve a case-made.   As has been repeatedly held by this court, a motion for a new trial is unauthorized where a case is tried upon an agreed statement of facts alone; and such motion does not operate to extend the period of three days allowed by statute in force at the date of the entry of judgment in this case, and therefore the order entered on the 30th day of August, 1911, extending such time, was a nullity, and does not confer upon this court jurisdiction to consider this case on appeal.   See *School District No. 38, Hughes County, ex rel. F. M. Hale, Director, v. B. W. Mackey, Co. Treasurer, ante,* 144 Pac. 1032, and cases there cited.

For the reasons stated, the appeal should be dismissed.

By the Court:   It is so ordered.