## GARLAND *et al.* v. UNION TRUST CO. *et al.*

No. 6265.　Opinion Filed January 11, 1916.

(154 Pac. 676.)

1. **APPEAL AND ERROR—Case-Made—Time for Making and Serving.** Where a case is submitted to the court upon an agreed statement of facts which eliminates all questions of fact, a motion for new trial is not authorized, and the time for making and serving a case-made runs from the date of the rendition of the judgment, unaffected by such motion or the order overruling the same.

2. **APPEAL AND ERROR—Motion for New Trial—Necessity—Agreed Statement.** In order to obviate the necessity for motion for a new trial when submitting a case to the court upon an agreed statement of facts, there must be an agreement as to all the ultimate facts, and if the statement merely embraces an agreement as to certain facts, leaving certain ultimate facts to be found by the court from the testimony and evidential facts, the necessity for a motion for new trial to obtain a review of the findings of fact made by the court will not be dispensed with.

3. **USURY—Question of Fact.** Where instruments executed for the loan of money are apparently fair on their face, and the interest reserved thereby, as disclosed by the terms of the instruments, is within the legal limit, but the claim is made that usury was, in fact, retained, and that such usurious charge is evidenced by a collateral instrument or by some agreement or device intended as a cloak for such usurious transaction, as, for instance, the

charging of a commission by the lender, the question as to whether such collateral instrument or such commissions were taken or reserved with the intent to charge a higher rate of interest than that allowed by law, and whether said transaction was a cloak or device to evade the law against usury, is a question of fact for the jury or the court sitting as a jury.

4. **APPEAL AND ERROR—Wrongful Dismissal—Reinstatement.** Where plaintiffs in error have complied with the law by taking all steps necessary to perfect an appeal to this court, and petition in error in due form with case-made attached thereto is lodged in the office of the clerk of this court within the time allowed by law, and where said petition in error is wrongfully dismissed, the order of dismissal will be set aside, and the cause reinstated and determined on its merits.

(Syllabus by the Court.)

Kane, C. J., dissenting.

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by the Union Trust Company, a corporation, trustee, against D. N. Garland and others. Judgment for plaintiff, and defendants bring error. Motion to set aside order recalling mandate overruled, and case retained for decision on its merits.

*Stuart, Cruce & Cruce* and *L. D. Mitchell,* for plaintiffs in error.

*Ames, Chambers, Lowe & Richardson,* for defendant in error.

HARDY, J. On the — day of January, 1913, the Union Trust Company, a corporation, and the Union Trust Company, a corporation, trustee, filed suit in the district court of Oklahoma county against plaintiffs in error, who will be referred to as defendants, and R. S. Rowland and Silas Rowland, asking judgment in the sum of $50,000 upon 50 certain notes bearing date of May 25, 1912, in the sum of $1,000 each, due on different dates, 35 of them maturing June 1, 1918, said notes being made

payable to bearer or the registered holder thereof, and also to foreclose a deed of trust or mortgage upon a certain ten-story building in the city of Oklahoma City, given to secure the payment of said notes, which mortgage was made in favor of the Union Trust Company, trustee. The petition alleged the execution of said notes and mortgage, and copies thereof were attached to the petition. The notes bore interest at the rate of 6 per cent. per annum from date until paid, and after maturity at the rate of 10 per cent. per annum. The plaintiff further alleged that its lien upon said property was a first and prior lien, and alleged that the defendants R. S. Rowland and Silas Rowland claimed to have some interest in or title to the real estate in plaintiff's mortgage described, and expressly alleged that the interest or title of said R. S. Rowland and Silas Rowland was inferior to and subject to the lien of plaintiff. The petition further alleged that according to the terms and conditions of said mortgage, plaintiff had elected to declare the entire indebtedness secured thereby due and payable, and prayed judgment for the full amount and for foreclosure of its mortgage, and asked that the interest or title of said defendants R. S. Rowland and Silas Rowland be decreed to be inferior to and subject to plaintiff's lien.

Defendants filed answer denying each and every allegation in plaintiff's petition, except such as were therein admitted, and as a second defense admitting the execution of the notes and mortgage or deed of trust sued upon, and delivery of same to plaintiff Union Trust Company, but they alleged that the consideration for same was the loan of $50,000, and that plaintiff, through its officers and agents, knowingly and wrongfully, and with intent to violate the laws of the state with reference to the charging

of usurious interest, charged, reserved, and received from defendants, and that defendants paid to plaintiff, as interest for the use of said money from the date of the execution of said instruments until December 21, 1912, the sum of $2,500 cash, a note for $2,750, and interest payments amounting to $1,572.22, making a total sum of $6,822.22, being interest at the rate of 27 per cent. per annum, and that by reason of such usurious charge defendants were entitled to offset against plaintiff's demand twice said sum so reserved, to wit, the sum of $13,644. Other paragraphs of the answer alleged that said transaction was usurious in other particulars than as above stated, but we deem it unnecessary here to state the allegations thereof in detail.

By and amendment to the petition a count was added demanding judgment on the note for $2,750, and for foreclosure of mortgage by which same was secured, same having matured in the meantime.

To the answer plaintiff filed a reply, denying generally and specifically the allegations of new matter therein contained, and alleged that at the time of the execution of said notes, to wit, May 25, 1912, the plaintiff, Union Trust Company, loaned and advanced to said defendants said sum of $50,000, and at the time of the execution of said notes and deed of trust defendants paid plaintiff the sum of $2,500, and executed and delivered to the Union Trust Company their note for $2,750, with interest at 8 per cent. per annum, payable May 25, 1913, secured by a second mortgage upon said property; that the sum of $2,500 paid in cash at the time and the sum of $2,750 represented by said note, which defendants promised to pay plaintiff on May 25, 1913, together with the several interest payments, alleged to have been made by said defendants, were

a part of the interest which accrued upon said loan for the entire time said loan was to run, and were not payments of interest for the dates set forth in the answer and cross-petition of said defendants. The reply then sets out the sums which plaintiff alleges it would have been entitled to charge under its theory of the law and facts, and denies that there was any usury in said transaction.

Defendant Silas Rowland filed a disclaimer. W. J. Walker, who was the assignee of the Rowland mortgage, filed answer and cross-petition, asking judgment against plaintiffs in error on certain notes in the sum of $15,750, with ten per cent. interest thereon from date until paid, and for foreclosure of a certain mortgage upon said property.

Issues were joined upon this answer or cross-petition, and the cause came on for trial on the 26th day of September, 1913, all of the parties being present, and it was agreed that the issues between plaintiff and defendants and the issues between defendants and defendant Walker should be tried separately; and thereupon the parties dictated into the record a stipulation or agreement as to certain facts about which there was no dispute, and the notes and mortgages sued upon were introduced in evidence, and the issues between plaintiff and defendants were argued to the court and taken under advisement. On the 29th day of September, 1913, the cause coming on for hearing upon the answer and cross-petition of defendant Walker, the parties appeared and waived a jury, and the matter was continued until the 20th day of October, 1913, at which time same was heard, and on said day the court rendered judgment in favor of plaintiff and against defendants in the sum of $52,666.67, with interest from October 20, 1913, at six per cent. per an-

num, together with ten per cent. additional as attorney's fees, and foreclosure of said deed of trust, and also rendered judgment in favor of plaintiff and against defendants on the note for $2,750 and for foreclosure of the mortgage by which same was secured, and found that the interest and title of defendants Silas Rowland and W. J. Walker in and to the property described was inferior and subject to the judgment of plaintiff, and on said day rendered judgment upon the issues between defendants and defendant Walker in favor of defendant Walker in the sum of $12,600, and decreed a foreclosure of his mortgage upon said property, subject to the judgment of the Union Trust Company. Motions for new trial were filed and overruled, and case-made duly prepared and served.

Upon the case being lodged in this court, plaintiff filed motion to dismiss upon the ground that, the issues between plaintiff and defendants having been tried upon an agreed statement of facts, no motion for new trial was necessary, and case-made was not prepared and served within the time allowed by law. Upon consideration of this motion an opinion was rendered dismissing the cause, and petition for rehearing was denied. Leave was granted to file second petition for rehearing, which, upon consideration, was sustained, and the former opinion withdrawn. Pending this latter action mandate had issued and been transmitted to the trial court, and by it spread upon the journal and order of sale issued upon the judgment and the property advertised for sale.

Upon sustaining the second petition for rehearing, an order was made recalling the mandate, and the matter is now submitted upon motion of plaintiff to set aside said order, and the case of *Thomas v. Thomas*, 27 Okla. 801, 109 Pac. 825, 113 Pac. 1058, 35 L. R. A. (N. S.) 124,

133 Ann. Cas. 1912C, 713, is relied upon. The Thomas Case was submitted in this court upon its merits, and a decision rendered thereon, after which mandate was regularly issued without any fraud, accident, inadvertence, or mistake. This case was not submitted upon the merits, but was dismissed upon the theory that this court was without jurisdiction by reason of the fact that, the case having been submitted in the trial court upon an agreed statement of facts and motion for new trial being unnecessary, no case-made was prepared and served within the time prescribed by law or any lawful order of the court.

There was a sharp issue in the pleadings as to the existence of usury, and, while there was a stipulation as to certain facts, the same did not dispose of all the issues of fact presented to the trial court, but left certain ultimate facts to be determined from the facts agreed upon and the evidence introduced. The instrument providing for six per cent. interest from date until maturity, and for ten per cent. after maturity, no usury was apparent upon the face of the contract. Defendants alleged, however, that the plaintiff retained from the sum loaned $2,500 in cash, and required the defendants to execute a note in the sum of $2,700, and that this payment and note were a cloak and device to cover a usurious charge; while plaintiff alleged in its reply that said sums were interest calculated upon the full time the loan was to run, and were not a charge for the time the loan actually was permitted to run. The parties stipulated that defendants promised to pay plaintiff as a commission $5,250, $2,500 cash, and note for $2,750, and that defendants actually paid to plaintiff and plaintiff received $2,500 in cash, and a note for $2,750, and, in addition thereto, paid the sum

of $1,572.22 as interest on said loan, making a total sum of $6,822.22, which, if actually paid and charged for the loan or forbearance of said sum for the time same was permitted to run, would constitute interest thereon at the rate of more than 27 per cent., and, in addition thereto, judgment was rendered against defendants for an attorney's fee in the total sum of $5,561.96.

In order for a contract to be usurious there must be, in fact, an excessive charge, and said charge must be made with the unlawful and corrupt intent to take interest in excess of the lawful rate (*Covington v. Fisher*, 22 Okla. 207, 97 Pac. 615; *Merchants' & Planters' National Bank v. Horton*, 27 Okla. 689, 117 Pac. 201) ; and, where the contract is apparently fair on its face, and the interest reserved thereby as disclosed by the terms of the instrument sued on is within the legal limit, but the claim is made that usury was, in fact, retained, and that such usurious charge is evidenced by other collateral instruments or by some agreement or device intended as a cloak for such usurious transaction, as, for instance, the charging of a commission on the part of the lender, it then becomes a question of fact as to whether such sums were in truth and in fact reserved and charged as commissions and whether the charge for services rendered, if any, was excessive or reasonable, and, if excessive, whether such excess, together with the amount of interest reserved in the contract, would amount to usury, and in such case the intention of the parties at the time the contract was entered into or the commission retained is a question of fact to be determined from all the facts and circumstances in the case, and should be submitted to a jury, or to the

court sitting as a jury (*Perghtal v. Cotton States Bldg. Co.*, 25 Tex. Civ. App. 390, 61 S. W. 428; *Polk Co. Savings Bank v. Harding,* 113 Iowa, 511, 85 N. W. 775; *Patillo v. Allen West Com. Co.,* 108 Fed. 723, 47 C. C. A. 637; *Merchants' Ex. Nat. Bank v. Com. Warehouse Co.,* 49 N. Y. 635; *Covington et al. v. Fisher, supra; Cockle v. Flack,* 93 U. S. 344, 33 L. Ed. 949; *Hutchinson v. Hosmer,* 2 Conn. 341; *Beckwith v. Windsor Mfg. Co.,* 14 Conn. 594; *Stevens v. Staples,* 64 Minn. 3, 65 N. W. 959; *Carpenter v. Lamphere,* 70 Minn. 542, 73 N. W. 514; *Surv. Part. Massey McKesson Co. v. McDowell,* 20 N. C. 252; *Ketchum v. Barber et al.,* 4 Hill [N. Y.] 224; *Kent v. Phelps,* 2 Day [Conn.] 483; *Thurston v. Cornell,* 38 N. Y. 281; *Duvall v. Farmers' Bank,* 7 Gill. & J. [Md.] 44; 39 Cyc. 1056, 1057; 22 Ency. Pleading & Practice, 454).

There was no stipulation as to whether said sums were, in fact, commissions, nor as to the intent of the plaintiff in charging said sums, nor as to the amount or character of the services rendered, if any, or the reasonable value of such services; and in rendering judgment in favor of plaintiff the court found that said sums were paid and retained as commissions, and the judgment imported a finding that the charge for the services rendered was reasonable, and that said note and charge were not a cloak or a device to cover usury. These being issues of fact not agreed upon by the parties, necessary to be determined by the court before judgment could be rendered upon the issues, it was necessary that a motion for a new trial be filed in order to procure a review of the finding of the court thereon.

It is a well-established rule in this state, supported by a long line of decisions, that where a case is tried upon

an agreed statement of facts, which eliminates all questions of fact, a motion for a new trial is unauthorized by statute, and the time for making and serving a case-made for this court runs from the date of the rendition of the judgment, unaffected by such motion or the order overruling the same. *Board of County Commissioners v. Porter et al.*, 19 Okla. 175, 92 Pac. 152; *Stannard v. Sampson et ux.*, 23 Okla. 13, 99 Pac. 796; *St. L. & S. F. R. Co. v. Nelson*, 40 Okla. 143, 136 Pac. 590; *C., R. I. & P. Ry. Co. v. Shawnee et al.*, 39 Okla. 728, 136 Pac. 591; *School Dist. No. 38 v. Mackey, Co. Treas.*, 44 Okla. 408, 144 Pac. 1032; *Dunlap v. Herring Lumber Co. et al.*, 44 Okla. 475, 145 Pac. 374; *Jones v. Fearnow*, 47 Okla. 586, 149 Pac. 1138. And the converse of this proposition would be true, that, where a statement of facts upon which a case is submitted does not eliminate all questions of fact, and where other evidence is introduced, if a review of the findings of fact by the court made therefrom is desired, a motion for new trial is necessary in order to present to this court the facts and evidence upon which such findings were made.

An agreed statement of facts is but a substitute for evidence of those facts, and in this respect differs from an agreed case (*Towle et al. v. Sweeney et al.*, 2 Cal. App. 29, 83 Pac. 74), and the agreed statement of facts, in order to obviate the necessity of a motion for a new trial, must be an agreement upon the ultimate facts, and not merely an agreement upon facts which are evidential in their nature, and from which ultimate and material facts may be found.

The Supreme Court of the United States, in *Wilson v. Merchants Loan & Trust Co.*, 183 U. S. 121, 22 Sup. Ct. 55, 46 L. Ed. 113, in passing upon the sufficiency of

an agreed statement of facts within the meaning of Rev. St. U. S. sections 649, 700 (U. S. Comp. St. 1913, sections 1587, 1668), providing for a waiver of trial by jury, said:

"It has, however, been held that, where there was an agreed statement of facts submitted to the trial court and upon which its judgment was founded, such agreed statement would be taken as an equivalent of a special finding of facts. *Wayne County Supervisors v. Kennicott,* 103 U. S. 554, 26 L. Ed. 486. But, as such equivalent, there must, of course, be a finding or agreement upon all ultimate facts, and the statement must not merely present evidence from which such facts or any of them may be inferred."

And again, in *United States Trust Co. v. New Mexico,* 183 U. S. 535, 22 Sup. Ct. 172, 46 L. Ed. 315, in passing upon the same question the same court said:

"An agreed statement of facts may be the equivalent of a special verdict, or a finding of facts upon which a reviewing court may declare the applicable law if said agreed statement is of the ultimate facts, but, if it be merely a recital of testimony, or evidential fact, it brings nothing before an appellate court for consideration."

In the case at bar, as already shown, while counsel stipulate as to certain facts, they do not stipulate as to all of the ultimate facts in the case, but leave for determination by the court as a fact to be found, whether it was the intent of the plaintiff to charge and receive usurious interest in violation of the law, or whether said sums in controversy were, in fact, retained and charged as commissions, and also as to whether the plaintiff's deed of trust was a prior lien upon the property. This being true, the case was not tried upon an agreed statement or stipulation of all the ultimate

facts in the case, but upon a stipulation as to certain facts and upon documentary evidence from which important and ultimate facts might be inferred, but in regard to which there was no agreement. From the facts agreed upon and the evidence introduced different inferences might have been drawn.

Without determining the question as to whether the issues between plaintiff and defendants and between defendants and their co-defendant, Walker, might be tried separately, we think it is apparent that the case was not, in fact, tried upon an agreed statement of facts within the meaning of the authorities, and therefore the case was improvidently dismissed. This being true, there remains the question whether this court, upon this state of facts, has authority to recall a mandate after same has been issued and lodged in the trial court.

Section 6, art. 2, of the Constitution provides:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

The proceeding for making and serving a case-made is prescribed in article 25, c. 60, Rev. Laws 1910. This section of the Bill of Rights, in connection with these statutory provisions, means that, when any litigant has complied with the provisions of the law regulating the manner of perfecting an appeal to this court, the portals of this court shall not be closed against him, but, on the contrary, shall be open, and that he shall be entitled to have his case heard on its merits and justice administered therein. The rule announced in

*Thomas v. Thomas* that the court has no authority, after a mandate has regularly issued and been transmitted to the lower court, to recall the same in the absence of fraud, accident, or mistake does not deprive the court of authority in the present case to make the order complained of. This case was wrongfully dismissed upon the assumption that the case had been tried upon an agreed statement of facts which disposed of all the issues of fact between the parties, and defendants have been denied their right to have their case heard in this court upon its merits.

In *St. Paul Fire & Marine Ins. Co. v. Peck*, 40 Okla. 396, 139 Pac. 117, the court had inadvertently misquoted a statute that was controlling, and upon the attention of the court being called to that fact the mandate was recalled, and the authority of the court to do so was determined. The opinion in that case reviews the authorities, and reaches the conclusion that, when by mistake or inadvertence a decision of this court is improvidently made, although the mandate is transmitted to the trial court, this court does not lose jurisdiction, and, when atention is called to such mistake, will assert jurisdiction and recall the mandate.

That this court has power to recall a mandate after same has been issued, transmitted, and filed in the lower court is demonstrated by the fact that in the following cases mandates have been issued, transmitted, and filed in the lower court, and thereafter the mandate was **recalled, and jurisdiction reassumed,** and the cause reconsidered on its merits: No. 1144, *Sampson et al. v. Staples;* No. 4263, *Steel et al. v. Jones et al.;* No. 2633, *Kelley et al. v. State;* No. 5209, *St. L. & S. F. R. Co. v. Brown;* No. 5667, *Wadsworth et al. v. Crump et al.;* No.

5707, *Coss et al. v. Sterritt;* No. 4634, *Paulsen et al. v. Western Electric Co. et al.;* No. 4272, *Rounds & Porter Lumber Co. v. Thompson;* No. 4638, *Cox et al. v. Dempster Mill & Mfg. Co.;* No. 5158, *Wagoner Tel. Co. v. Vermillion;* No. 5136, *Reynolds v. James;* No. 4657, *Scott et al. v. Potts et al.;* No. 7128, *Bd. Co. Comm. v. Clark et al.*

If it be contended that the mere filing of the mandate in the trial court is not sufficient to divest the jurisdiction of this court and lodge same in the trial court, then additional authority for this proposition is found in the following cases, in which the mandate had been issued, transmitted to the trial court, and duly recorded therein, and thereafter orders were made by this court recalling the mandate, jurisdiction reassumed, and the cases considered on their merits: No. 4346, *In re Estate of Hilly Hays;* No. 5668, *Ft. S. & W. R. Co. v. Black et al.;* No. 4397, *Miller et al. v. Okla. State Bank;* No. 4097, *Martindale et al. v. Shaha;* No. 6213, *Sharp v. City of Guthrie.*

Thus it is demonstrated that the action taken in this case is not without precedent, nor has a different rule been applied in this case from that which this court has consistently adopted and applied in other cases. In the cases cited some of the great lawyers of the state, including former members of the territorial Supreme Court, were interested, and in one case at least a former member of this court appeared as counsel, and the authority of this court to make the orders therein was not questioned.

Such is also the practice in the Criminal Court of Appeals. In the following cases mandates had issued,

been transmitted to the lower court, and recorded which were afterwards recalled: A-1803, *Sayers et al. v. State;* No. A-2150, *Grant v. State;* No. A-18v2, *Loyes v. State.*

In the cases following mandates had issued and been filed in the lower court, and were recalled and jurisdiction reassumed by the Criminal Court of Appeals: No. A-1766, *Grant v. State;* No. A-1311, *Arnold v. State;* No. A-1370, *Edwards v. State;* No. A-1061, *McKenzie v. State;* No. A-1430, *McLeod v. State.*

The Supreme Court of the United States has held that, where a case was dismissed by mistake, the case would be reinstated and disposed of on its merits. In *The Palmyra,* 12 Wheat. 1, 6 L. Ed. 531, that court said:

"Every court must be presumed to exercise those powers belonging to it which are necessary for the promotion of public justice; and we do not doubt that this court possesses the power to reinstate any cause dismissed by mistake. The reinstatement of the cause was founded, in an opinion of this court, upon the plain principles of justice, and is according to the known practice of other judicial tribunals in like cases."

The decision in this case was cited and the doctrine therein approved in the following cases: *Phillips v. Negley,* 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013; *Illinois ex rel. Hunt v. Illinois Cent. Ry. Co.,* 184 U. S. 77, 22 Sup. Ct. 300, 46 L. Ed. 446. See, also, *Alviso v. United States,* 6 Wall. 457, 18 L. Ed. 721.

In the following cases, after mandate had been issued and transmitted to the lower court, the Supreme Court of the United States recalled same: *Bank of Commerce v. State of Tenn.,* 163 U. S. 416, 16 Sup. Ct. 1113, 41 L. Ed. 211; *Cannon v. United States,* 116

U. S. 55, 6 Sup. Ct. 278, 29 L. Ed. 561; *United States v. Gomez,* 23 How. 326, 16 L. Ed. 552.

The Supreme Court of California, in the case of *Rowland v. Kreyenhagen,* 24 Cal. 52, said:

"Against an order or judgment improvidently granted, upon a false suggestion, or under a mistake as to the facts of the case, this court will afford relief after the adjournment of the term, and will, if necessary, recall a *remittitur* and stay proceedings in the court below. This is not done, however, upon the principle of reassumption of jurisdiction, but upon the ground that the jurisdiction of the court cannot be divested by an irregular or improvident order."

And in the case of *Trumpler v. Trumpler,* 123 Cal. 248, 55 Pac. 1008, the same court said:

"Although this court loses jurisdiction after the *remittitur* has been issued and filed in the court below, yet, if any fraud or imposition has been practiced upon the court or the opposite counsel by the party procuring the dismissal, or the order of dismissal has been improvidently granted upon a false suggestion, the appellate court will recall the *remittitur* and stay the proceedings in the court below. * * * This must be so, or intolerable injuries might result."

Many other California cases announce the same rule. Such is also the rule in New York. *Franklin Bank Note Co. v. Mackey,* 158 N. Y. 683, 51 N. E. 178; *Moffett v. Elmendorf,* 153 N. Y. 674, 48 N. E. 1105.

In *Town of Underhill v. Town of Jericho,* 66 Vt. 183, 28 Atl. 879, the Supreme Court of Vermont said:

"If its judgment order was not upon the case, as shown by the records of the trial court, * * * or if the judgment order issued erroneously through the misprision of its clerk, or if it issued by inadvertence, by rea-

son of concealment, fraud, misrepresentation, misinformation, or other default, so that the jurisdiction of the court of error has not been exercised upon the real cause or in due course, and the *remittitur* does not represent the true judgment of the court or error properly  *   *   * obtained, the cause, notwithstanding the erroneous *remittitur* received by the trial court, is still in the appellate court of error, and its jurisdiction thereon has not been exhausted."

In *Livesley v. Johnson et al.,* 47 Or. 193, 82 Pac. 354, the Supreme Court of Oregon, after referring to the rule in California quoted above, said:

"The preponderance of judicial authority concedes the power of a court of record at any time during the term at which a judgment is rendered to set it aside, when it was improvidently given in consequence of a false suggestion or under a mistake of facts."

In *Killian v. Ebbinghaus,* 111 U. S. 798, 4 Sup. Ct. 697, 28 L. Ed. 593, and in *Merriam v. Gordon,* 20 Neb. 405, 30 N. W. 410, mandates were recalled because of a mistake therein, and same were corrected. In *Lovett v. State,* 29 Fla. 348, 11 South. 176, 16 L. R. A. 313, which was a capital case, a purported transcript of the record was filed in the Supreme Court, judgment reversing the case rendered thereon, and mandate transmitted and recorded in the lower court. Afterwards a correct transcript was filed, and the Supreme Court, speaking through Mr. Chief Justice Rayney, granted a rehearing and recalled the mandate, and reviewed the authorities upon the power of the court so to do, and cited with approval the case of *King v. Ruckman,* 22 N. J. Eq. 551, in which the following language was used:

"I have no doubt that this court has the power at any time to amend its judgment if it is erroneous by

reason of the misentry of the clerk, or by reason of any other mistake, or that such judgment may be set aside and treated as a nullity if it has been procured by fraud, or is the result of misapprehension."

After quoting the language above, the opinion continues:

"The case before us is one in which a judgment of reversal has been rendered and is improvident through mistake and has been obtained upon a false suggestion. Our decision of it is the result of misapprehension and of imposition upon the court."

"The consideration for reversal or affirmance of a judgment or decree upon a misrepresentation of the record of the case or upon anything else than the true record of that case is entirely outside of the functions or purposes of an appellate court. This case is, in our judgment, clearly within the rule which preserves our jurisdiction of it. We have been misled into reversing a judgment on a false record, into acting in a case when that case, as it really is and only can be acted upon by us, has not been before us. In law the writ of error issued in the cause is, in so far as our exercise of our powers is concerned, still before us, and will be until that cause, as it really is, shall be decided, or the writ dismissed on legal grounds."

The authorities upon the right to recall a mandate are collected in an extensive note to the case of *Ott v. Boring* (131 Wis. 472, 110 N. W. 824, 111 N. W. 833) 11 Ann. Cas. 865, note.

The opinion dismissing this case was filed June 1, 1915, and leave granted to file second petition for rehearing on July 2, 1915, and on that day order was made recalling the mandate. All of the various steps taken in this case were at and during the April term of the court.

The plaintiffs in error having taken all of the necessary steps to perfect their appeal, and petition in error having been filed in this court within due time, jurisdiction o fthis case attached, and the jurisdiction of this court cannot be defeated by an erroneous declaration that no such jurisdiction existed. Such a decision would be a denial of justice and would deprive litigants of their property without due process of law.

The motion to set aside the order recalling the mandate will be overruled, and the case retained for a decision on its merits.

SHARP, Vice C. J., and TURNER, J., concur; THACKER, J., concurs in conclusion; KANE, C. J., dissents.