## LANDERS et al. v. BANK OF COMMERCE OF OKMULGEE et al.

No. 13934—Opinion Filed Nov. 12, 1924.

Rehearing Denied Dec. 23, 1924.

Second Rehearing Denied Feb. 3, 1925.

**1. Appeal and Error—Time for Appeal — Filing Unnecessary Motion for New Trial.**

Where a motion for a new trial is unnecessary or unauthorized by statute, the filing of such a motion does not operate to extend the time within which appeals must be perfected in the Supreme Court.

**2. Same—Trial on Agreed Statement of Facts.**

Where a cause is tried upon an agreed statement of all the ultimate facts, leaving for the court the sole question of the application of the law to such ultimate facts, a motion for a new trial is unnecessary and unauthorized by statute and does not extend the time within which an appeal must be perfected in the Supreme Court, and the time for perfecting such appeal runs from the date judgment is rendered, and not from the date of the overruling of such unnecessary and unauthorized motion.

**3. Same—Failure to Appeal in Time—Dismissal.**

Where an appeal is not perfected in this

court within the time provided by statute applicable to the instant case, this court is without jurisdiction to consider and determine the same, and the attempted appeal will be dismissed.

**4. Oil and Gas—Materialmen's Liens—Priority of Mortgage.**

A recital in a mortgage covering oil and gas leasehold properties "that the mortgagor will not permit the security to be depreciated, lessened or reduced, and the mortgagor will faithfully care for and diligently operate all of said leases; and do such development as may be necessary," does not constitute the mortgagor the agent of the mortgagee for the purpose of purchasing supplies and equipment and giving to materialmen a lien upon the mortgaged property superior to the mortgage lien.

**5. Same.**

Where material and equipment for developing oil and gas properties are furnished the owner of the leasehold, the lien of the persons furnishing such material and equipment is inferior and junior to the lien of valid mortgage executed and duly filed and recorded prior to the furnishing of such material and equipment.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by John H. Rebold against Burk Petroleum Company to foreclose mortgage. Harry Landers and others intervened to establish priority of labor liens. Atlas Supply Company and Continental Supply Company intervened to establish priority of materialmen's liens. Judgment for plaintiff, and interveners appeal. Appeal of Landers and all persons claiming labor liens dismissed. Judgment of trial court affirmed as to Atlas Supply Company and the Continental Supply Company.

Thompson & Smith, for plaintiff in error Landers et al.

G. R. Horner and Beckett & Lewis, for plaintiffs in error Atlas Supply Company and Continental Supply Company.

Randolph, Haver & Shirk, for defendants in error.

Opinion by RUTH, C. This appeal grows out of an action originally filed by John H. Rebold against the Burk Petroleum Company and others, wherein it was sought to have foreclosed a certain mortgage executed by the Burk Petroleum Company in favor of Rebold, said mortgage covering certain oil and gas mining leases.

The plaintiff in error Landers and others were engineers, roustabouts, and laborers employed by the Burk Petroleum Company, and intervened and filed their claim for wages due, and they shall be designated as the "labor lienors" in this opinion.

The plaintiffs in error Atlas Supply Company and the Continental Supply Company filed their lien claims for materials furnished the Burk Petroleum Company, and they shall be designated as the "supply companies" and while the defendants and interveners are numerous, the labor lienors and supply companies are the only parties appealing, and the question involved is whether or not their various liens are superior to the mortgage lien, it being admitted that all the labor was performed and materials furnished after the mortgage lien attached.

The defendants in error move to dismiss the appeal for that the appeal was not filed in this court within six months after final judgment rendered adjudicating their various claims.

The record discloses that the original cause for foreclosure of the mortgage was tried on January 9, 1922, and judgment of foreclosure rendered, and on the same date judgment was entered for the labor lienors and supply companies, for the amount of their claims, but declaring their several liens junior or inferior to the mortgage lien, and from this judgment the lienors appeal.

At the trial of the cause, counsel for the labor lienors submitted his cause upon the following statement:

"Now if you will raise no question of fact about it, will agree that these are O. K. statements; will agree that the amounts of the claims are correct for the time they worked and will agree to it to be the monthly wage and wages one claims by a superintendent working by the month, and they can agree on the correctness of the amount for each man, then we will agree that the mortgage was made and filed as they contended, by the mortgagee and leave the question of law as to the priority to be taken care of in argument, otherwise the correctness and justness of my claims are not admitted and I am not ready, because I will have to have the foreman and the superintendent to prove them."

This was agreed to by opposing counsel and this agreed statement was read into the record, and counsel for the labor lienors then said "Now that just leaves the question of priority as I understand it."

After argument and submission on the question of priority the court rendered judg-

ment decreeing the labor liens and supply companies liens junior or inferior to the mortgage lien, and the labor lienors in open court gave notice of their intention to appeal to the Supreme Court in conformity with the statute, but on January 11, 1922, they filed their motion for a new trial and this motion was by the court overruled on June 9, 1922, and the appeal was perfected and filed in this court on November 13, 1922, or more than 10 months after judgment rendered upon the agreed statement of facts.

It has been repeatedly held by this court, and is a well settled rule of law in this state and in most all of the states, that where a motion for a new trial is unnecessary, the filing of such a motion does not operate to extend the time within which the appeal must be perfected by filing the petition in error and case-made, or transcript of the record in this court. Cowart v. Parker, Washington Co., 40 Okla. 56, 136 Pac. 153; St. Louis & S. F. Ry. Co. v. Nelson, 40 Okla. 143, 136 Pac. 590; Clapper v. Putnam Co., 70 Okla. 99, 158 Pac. 297; Chestnut v. Overholser, 75 Okla. 190, 182 Pac. 683; McDonnell v. Continental Supply Co., 79 Okla. 286, 193 Pac. 524; Ashinger v. Local Union No. 276, 81 Okla. 206, 197 Pac. 170; Small v. Rice, 82 Okla. 158, 198 Pac. 998; Crawford v. Shintafer, 92 Okla. 22, 217 Pac. 867.

Was a motion for a new trial necessary so far as the labor lienors were concerned?

It was agreed by counsel representing all parties, that the laborers had performed the work; that the wages were as represented; that the amounts of their claims were correct and due, and that they had a valid lien. There was no fact left for the court to make a finding upon, and only the bare legal question of priority was to be considered, and where a case is tried upon an agreed statement which eliminates all question of fact, a motion for a new trial is unauthorized by statute; and the time for making and serving a case-made runs from the date of the rendition of judgment, unaffected by such motion or order overruling the same. Dunlap v. C. T. Herring Lumber Co., 44 Okla. 475, 145 Pac. 374; Board of County Commissioners of Garfield County v. Porter, 19 Okla. 173, 92 Pac. 152; St. L. & S. F. R. Co. v. Nelson, 40 Okla. 143, 136 Pac. 590; Oxford v. State, 80 Okla. 103, 194 Pac. 101.

Plaintiffs assume the position that as the mortgage was introduced in evidence and its provisions utilized in the argument, this case falls within the purview of Thomas v. Arth-

urs (Kan.) 54 Pac. 694, and Jones v. Fearnow, 47 Okla. 586, 149 Pac. 1138, in which cases there was an agreed statement of facts, but further evidence of a documentary nature was introduced, and it was further agreed that if A., B., and C. were present, they would testify to certain facts, but there was no agreement that the documents spoke the truth, the agreement reaching only so far as their execution and delivery was in issue, and while it was agreed that A., B. and C. would so testify, if present, from this testimony the court must find the facts.

In the instant case the agreed statement of facts included the mortgage, and all its terms, its execution, delivery, and recordation, and every fact with reference to interveners' claims, leaving, as counsel for interveners stated in open court "nothing but the legal question of priority of the liens to be determined by the court."

An agreed statement of facts is but a substitute for evidence of those facts, and the agreed statement, in order to obviate the necessity for a motion for a new trial, must be an agreement upon the ultimate facts, and not merely an agreement upon facts which are evidential in their nature, and from which ultimate and material facts may be found. Garland et al. v. Union Trust Co. et al., 49 Okla. 663, 154 Pac. 676; Wayne County Supervisors v. Kennicott, 103 U. S. 554, 26 L. Ed. 486; United States Trust Co. v. New Mexico, 183 U. S. 535, 22 Sup. Ct. 172, 46 L. Ed. 315.

In the instant case the agreed statement was of the ultimate facts, and a motion for a new trial was unnecessary and unauthorized, and the time for perfecting the appeal ran from January 9, 1922, and as the appeal was not perfected and lodged in this court within six months thereafter, the appeal of the labor interveners should be dismissed.

The appeal of the supply companies was filed within the statutory period, for that a demurrer was filed to the evidence introduced by them, and the motion for a new trial was not passed upon until June 9, 1922.

The lien of the supply companies was for gas and oil well supplies furnished the Burk Petroleum Company, and the lien attaches by reason of section 7464, Comp. Stat. 1921, relating specifically to "oil and gas well liens," but the statute gives to the lienor so furnishing materials priority only over other liens and incumbrances attaching subsequent to the furnishing of such materials.

Interveners take the position that their

lien should have priority over the mortgage lien by reason of the provision in the mortgage as follows:

"First: Said mortgagor shall faithfully care for and diligently operate all the above described property and do such development as may be necessary, and expedient to do at its own expense. Said mortgagor shall drill in due time, all necessary offset locations for oil and gas wells, and fifth: Mortgagor hereby expressly agrees that it will suffer no valid liens to be filed against any of the property covered by this mortgage and will protect the mortgagee from any loss or expense on account of any such lien claims."

"But mortgagor shall have the right, without defaulting in this mortgage, to defeat any lien or claim which may be filed or brought against the property covered hereby, in the event. however, that any lien is filed against any of the aforesaid property and the mortgagor fails, refuses, or neglects, to defend against the same that such failure, refusal or neglect shall constitute a default of this mortgage."

The mortgage further recites that the mortgagor would not permit the security to be depreciated, lessened, or reduced, and from these stipulations or conditions in the mortgage, the supply companies draw the conclusion and assert the claim that the mortgagee knew from the very nature of the business, that new or additional equipment would be necessary to operate and develop the property, and drill offset wells, and these stipulations had the effect in law of making the mortgagee one of the promoters of the enterprise, and constituted the mortgagor the agent of the mortgagee for the purpose of purchasing material and equipment necessary to operate and develop the leases, but with this contention we cannot agree.

The statute, section 7464, supra, specifically provides that liens for materials furnished the owner of an oil or gas leasehold shall be preferred to all other liens or incumbrances which may attach subsequent to the furnishing or putting up of such machinery and supplies.

Our attention is directed to the case of New York Guaranty and Indemnity Co. et al. v. Tacoma Ry. & Motor Co., 83 Fed. 365, wherein the court held the intervener having furnished a cable necessary for the operation of the road had a lien paramount to the mortgage lien, but the court gives a very cogent reason for so holding.

The court said:

"It is unnecessary to attempt to review the many decisions which lay down the principles upon which claims for services rendered and materials, supplies, etc., furnished to railroads are preferred over the mortgage indebtedness. It is sufficient for the purposes of this case, to say that such claims are preferred over the mortgage liens when they involve debts incurred which were necessary to keep the road a going concern, or which are the outcome of indispensable business relations, a continuance of which involves the interests of the public and traffic of the road."

The long line of decisions cited by plaintiffs in their brief are to the same general effect. It is manifest that where a public service corporation is involved, the public has an interest in its continued operation, but in a private enterprise, such as the Burk Petroleum Company was engaged in, the public is not concerned whether the private oil and gas company operates its plant or not.

Most states have statutes giving preferential liens for work and labor done and materials furnished to public service corporations, and this state by section 7473, Comp. Stat. 1921, gives such a preferential lien against railroads, but in no other instance is a preferential lien given, except to laborers, upon the production of their labor under sections 7468 and 7472, Comp. Stat. 1921.

The lien given the supply companies is of purely statutory origin and statutory liens have ever been looked upon with jealousy, and, generally, will only be extended to cases expressly provided for by the statute (Harris v. Parks, 77 Okla. 197, 187 Pac. 470), and as a general rule, as against other incumbrances, such as mortgages, etc., a mechanic's and materialman's lien takes precedence according to the time when it attaches to the property, being preferred to incumbrances which have attached subsequent to that time but postponed to incumbrances previously existing. Basham v. Goodholm & Sparrow Inv. Co., 52 Okla. 536, 152 Pac. 416.

The very nature of the business of mining for oil and gas contemplates the operation and further development of the leasehold and a recital in a mortgage on oil and gas leaseholds that the mortgagor will continue to operate and develop the property for oil and gas in no manner constitutes the mortgagor the agent of the mortgagee for the purchase of equipment with which to operate and develop the properties mortgaged.

To hold a contrary view would shatter the foundation upon which mortgages depend for their stability, as a mortgagee would never know when his mortgage might be

subordinate to a lien for the repair or up-keep of the mortgaged premises.

In the light of the plain provisions of the statute relating to oil and gas well liens (sec. 7464, supra) and the decisions of this court, we are constrained to find the liens of the Atlas Supply Company and the Continental Supply Company are inferior or junior to the mortgage lien, and the judgment of the trial court in so finding should be affirmed.

By the Court: It is so ordered.