## LUSK et al. v. HUMBLE OIL & REFINING CO. et al.

No. 20554. Opinion Filed Oct. 8, 1929.

Rehearing Denied Nov. 26, 1929.

Brett & Brett and John A Haste, for plaintiffs in error.

Brown & Williams, Earl Appleton Brown, Stephen A. George, and Sigler & Jackson, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Carter county in an action wherein the plaintiffs in error were plaintiffs and the defendants in error were defendants.

The cause was submitted to the court on December 20, 1928, on an agreed statement of facts, covering all the facts submitted, filed in the cause on October 20, 1928. The cause was taken under advisement until February 15, 1929, at which time judgment was rendered for the defendants, to which the plaintiffs excepted. No notice of appeal was given at the time of the rendition of judgment or within 10 days thereafter, and no order made at the time the judgment was rendered or within 10 days thereafter extending the time in which to make and

serve case-made. On February 16, 1929, the plaintiffs filed their motion for new trial, which motion was on April 12, 1929, overruled. Upon the overruling of the motion for new trial, plaintiffs gave notice of appeal and were given 30 days in which to make and serve case-made.

The defendants have filed herein their motion to dismiss the appeal upon the grounds no notice of appeal was given at the time the judgment was rendered or within 10 days thereafter, and that the case-made was not served within the time allowed by law or a valid order of the court extending the time therefor. It is the contention of the defendants in error that a motion for new trial was unnecessary, and the filing thereof did not extend the time in which notice of appeal could be given or in which to make and serve case-made.

This court has in a number of cases held that where a cause is tried upon an agreed statement of all the ultimate facts, leaving for the court the sole question of the application of the law to such ultimate facts, a motion for new trial is unnecessary and unauthorized by statute. Showalter v. Hampton, 122 Okla. 192, 253 Pac. 105; Landers v. Bank of Commerce of Okmulgee, 106 Okla. 59, 233 Pac. 200; Durant v. Nesbitt, 59 Okla. 11, 157 Pac. 353; Dunlap v. C. T. Herring Lumber Co., 44 Okla. 475, 145 Pac. 374; School District No. 38 v. Mackey, 44 Okla. 408, 144 Pac. 1032; Chicago, R. I. & P. Ry. Co.. v. City of Shawnee, 39 Okla. 728, 136 Pac. 591. In the case of Henry v. McBride, 102 Okla. 41, 225 Pac. 906, this court said:

"This court has uniformly held that a motion for new trial is not necessary in order to enable it to review a judgment of the trial court rendered upon an agreed statement of fact."

The motion for new trial, being unnecessary and unauthorized by the statute, does not extend the time in which the notice of appeal may be given or in which the case-made may be served. In the case of Landers v. Bank of Commerce of Okmulgee, supra, this court announced the rule that where a cause is tried upon an agreed statement of all the ultimate facts, leaving for the court the sole question of application of the law to such ultimate facts, a motion for new trial is unnecessary and unauthorized by statute and does not extend the time in which the appeal must be perfected in the Supreme Court, and the time for perfecting such appeal runs from the date the judgment is rendered and not from the date of the overruling of such unnecessary and unau-

thorized motion. This rule is followed in the case of Showalter v. Hamilton, supra, and in the case of In re Baptiste's Guardianship, 125 Okla. 184, 256 Pac. 520, this court approved the rule laid down in Ginn v. Knight, 106 Okla. 4, 232 Pac. 936, that where the filing of a motion for new trial is unauthorized, it would not extend the time in which to make and serve case-made. And in the case of Crawford v. Shintaffer, 92 Okla. 22, 217 Pac. 867, this court announced the rule that where a motion for new trial is not necessary to present a question for review, the time for giving notice of appeal runs from the date of the rendition of the judgment and not from the date of the order overruling the motion for new trial, and in the same case this court held that where the parties failed to give notice within the time prescribed by statute of their intention to appeal, this court is without jurisdiction to review the judgment of the trial court, such attempted appeal is a nullity, and the cause will be dismissed. This rule applies equally to the time in which to serve case-made as well as to the time in which notice of appeal may be given, and the case-made in this action was not served on the defendants in error until the 9th day of May, 1929, long after the 15 days allowed by law in which to make and serve case-made had expired.

The plaintiffs in error urge the question that, "the decision of the court is contrary to law" being raised, the sixth subdivision of section 572, C. O. S. 1921, authorizing motion for new trial upon that ground in order to call the court's attention to the errors in the application of law to the facts, a motion for new trial is necessary.

A "new trial" is a re-examination in the same court of the issues of fact after the verdict of the jury or decision of the court. Section 572, C. O. S. 1921. In this case the facts were agreed upon, and there was left to the court only the application of the law to the agreed facts. The facts being agreed upon, there was no issue of facts, hence there could be no re-examination of the issue of facts; no new trial, for the reason there was no issue of facts to re-examine. In the case of Norman v. Lambert. 64 Okla. 238, 167 Pac. 213, this court said:

"The second ground of the assignment, 'that the verdict is contrary to law,' does not appear to be based upon the claim that the jury in reaching a verdict disregarded the court's instructions, but that, on account of the insufficiency of the evidence on the part of the defendant, plaintiff was entitled to a verdict in his favor 'as a matter of

law.' We are unable to make any substantial distinction between an assignment based upon the allegation that the verdict is not sustained by sufficient evidence and where—because of insufficiency of evidence—the verdict is contrary to law. In such circumstances the latter furnishes no additional ground for a new trial; neither does it strengthen the ground that the verdict is not sustained by sufficient evidence. This assignment, it must be kept in mind, does not deal with the court's instructions, but instead, argues, as though before a trial court, abstract propositions of law, which it is claimed determined the rights of the parties under the evidence. * * * Statutes authorizing trial courts to grant a new trial of an issue of fact, after a verdict of the jury, including as ground therefor that the verdict rendered is contrary to law, have not received an harmonious construction. A number of authorities hold that the phrase 'contrary to law,' as used in such statutes, means contrary to the instructions, and that, to obtain a new trial upon that ground, it must be made to appear that there was an instruction which was disregarded; that it is not enough that a principle of law, not embodied in an instruction, was disregarded by the jury. Hayne's New Trial and Appeal, section 99; Valerius v. Richard et al., 57 Minn. 443, 59 N. W. 534; Emerson v. Santa Clara, 40 Cal. 543. As it is obvious that, in the assignment under consideration, the phrase 'contrary to law' refers only to the insufficiency of the evidence to support the verdict as a matter of law, and not to the fact that the verdict is contrary to or in disregard of the court's instructions, it is unnecessary that the objection be given further consideration."

And in that case the court announced the following rule:

"A motion for a new trial upon the ground 'that the verdict is contrary to law,' because of the insufficiency of the evidence (considered for the purposes of the case as sufficient to raise the question), adds nothing to the further ground, urged in connection therewith, that the verdict is not sustained by sufficient evidence."

"Ordinarily a verdict is contrary to law when it is returned in disobedience or disregard of the court's instructions."

In this case the error, if any, complained of by the assignments of error in the motion for new trial that the decision of the court is contrary to law, goes to nothing except the application of the law to the facts submitted in the agreed statement, and such error, if any, was called to the attention of the court by the plaintiffs by their exceptions to the judgment rendered in the case, and upon this exception the judgment could have been submitted to this court for review, and it was unnecessary to file a motion for new trial for the purpose.

The plaintiffs further contend that because certain record evidence was submitted to the court, this case is brought within the rule announced in the case of Archerd v. Ware et al., 115 Okla. 100, 242 Pac. 1043, but an examination of that case presents a different state of facts to the case at bar. The record evidence in that case was supplemented by an agreement as to the facts, while in the case at bar the record presented to the court was incorporated in an agreed statement of facts. The condition of the record in this case is. analogous to the record in the case of Showalter v. Hampton, supra, wherein all the matters submitted to the court were embraced in the agreed statement of facts and, as in this case, the journal entry of judgment recites the submission of the cause to the court on an agreed statement of facts.

The plaintiffs further urge their interposition of objections to the materiality of certain facts set forth in the agreed statement and the failure of the court to rule thereon as supporting their contention of the necessity of a motion for new trial, but the record clearly shows the objections did not dispute the facts set forth in the agreed statement, but went only to the consideration of the facts stated by the court in reaching its conclusion and judgment. We are clearly of the opinion that the condition of the record in this case brings it under the well-established rule that where a cause is submitted to the trial court upon an agreed statement of facts, a motion for new trial is unnecessary. For the reason no notice of appeal was given at the time the judgment appealed from was rendered or within 10 days thereafter, this court is without jurisdiction over the defendants in error in this appeal. And though it had jurisdiction, there would be nothing before this court for review, for the reason the case-made is a nullity because of it not having been served within the time allowed by law or a valid order of the court.

The appeal is dismissed.

HEFNER, J., disqualified, not participating.