## BOARD OF COM'RS OF BRYAN COUNTY v. WILKERSON et al.

No. 27300.  April 26, 1938.

Ben Carter, County Attorney, for plaintiff in error.

Robert Crockett, U. S. Probate Attorney, for defendants in error.

PHELPS, J. Parties appear in the trial court in the reverse order from their appearance here. Plaintiff sued to recover taxes alleged to have been illegally assessed and collected for the years 1927 to 1929, inclusive. The cause was tried to the court on July 3, 1933, under an agreed statement of facts and resulted in a judgment for the defendant. Plaintiff filed a motion for new

trial, alleging error of the court in holding that the land was taxable for the period mentioned in the petition and that the judgment was therefore contrary to law.

On February 7, 1936, the court sustained plaintiff's motion for a new trial, to which ruling of the court the defendant duly excepted. On the same date, on a retrial, the court rendered judgment for the plaintiff.

The county attorney, on behalf of the defendant, filed a motion to set aside the order granting a new trial and also filed a motion to set aside the judgment of February 7, 1936. In the motions defendant asserts that the court was without jurisdiction in the second trial for the reason that the judgment in the first trial was rendered under an agreed statement of facts from which there was no appeal taken. This court has repeatedly held that where a cause is tried upon an agreed statement of all the ultimate facts, leaving for the court the sole question of application of the law to such ultimate facts, a motion for new trial is unnecessary and unauthorized. Lusk v. Humble Oil & Refining Co., 140 Okla. 152, 282 P. 311.

Plaintiff agrees that this is the law, but contends that defendant is estopped from relying upon the rule of law announced and from challenging the invalidity of the judgment in the second trial for the reason that the county attorney, without objection, appeared in the second trial and participated therein and approved the journal entry of judgment. We cannot subscribe to this contention under the record in the present case. The question of equitable estoppel is to be decided on the particular circumstances of each case. Nickel v. Janda, 115 Okla. 207, 242 P. 264.

Under certain conditions, where a judgment is vacated and a new trial granted without warrant of law, and the appellant is forced to trial and appeals on the ground that the subsequent proceedings were unauthorized and void, he is not barred of the right of appeal because of his participation in the second trial; and, where he opposed the granting of a new trial and regularly enters his exception to the order, the fact that he participated in the retrial is not a waiver of his right to urge, upon appeal from the final judgment, the impropriety of the granting of the new trial. 4 C. J. Secundum, Appeal and Error, 402; Hirabelli v. Daniels (Utah) 138 P. 1172; Boyd v. Schott (Ind.) 52 N. E. 752.

We have examined the authorities submitted by defendant in error holding that under certain circumstances parties are estopped from challenging the jurisdiction of the court in judicial proceedings. Most of these decisions refer to cases between individuals and are not conclusive under the facts in the present case. Still others relate to cases wherein the municipalities expressly consented to the rendition of the judgment and it was held that the act constituted an estoppel. No such a situation is presented in the present case. In fact it appears from the record that the order sustaining the motion for new trial and the rendition of the judgment for plaintiff occurred simultaneously, leaving but little time to do more than object to the judgment, which the defendant did.

There being no additional questions presented in the appeal, the cause is reversed and remanded to the trial court, with directions to dismiss the action.

BAYLESS, V. C. J., and RILEY, CORN, GIBSON, HURST, and DAVISON, JJ., concur.